

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 9, 2024

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24 Cr. 542 (AS)

Dear Judge Subramanian:

      The parties respectfully submit this joint letter in response to the Court's Order dated October 4, 2024 directing the parties to outline the issues the parties believe should be addressed at the pretrial conference scheduled to proceed on October 10, 2024 at 2 p.m.

## Discovery

*Government Position:*

      Discovery in this case is voluminous, totaling several terabytes of electronic material, and consists primarily of the following categories: (a) electronically stored information belonging to the defendant (cellphones, laptops, tablets, hard drives, cloud accounts, etc.); (b) electronically stored information of third parties (cellphones, laptops, tablets, and cloud accounts); (c) business records from financial institutions, phone companies, hotels, airlines, and other businesses; (d) physical evidence seized in searches of the defendant's residence; (e) law enforcement records; and (f) search warrant returns, including cellphone location information. Beyond the information set forth herein, the Government will be prepared to answer any questions from the Court at the upcoming conference regarding the status and contents of discovery, including the various types of discovery, the status and anticipated timeline of extracting electronically stored information, and the anticipated time needed to produce the remaining discovery in the Government's possession.

      The Government has been in close coordination with the defense regarding the production of discovery in this case, and the Government has prioritized the expedient production of the defendant's electronically stored information, which makes up a significant portion of the total discovery in the case. Since the defendant's arrest on September 16, 2024, the parties have engaged in extensive negotiations regarding the protective order, which the Court signed on October 4, 2024 and docketed on October 7, 2024. On September 25, 2024, the Government requested hard drives from the defense for discovery, which it received on October 1, 2024. On October 7, 2024, the Government made its first production of discovery, which included, among other things, a complete set of search warrants in the case, iCloud reports for two of the defendant's

accounts, and the defendant's phone seized on March 25, 2024, which defense counsel specifically requested be produced in the first production. The following day, and as relayed to the defense, the Government began coping over forty devices and the other five iCloud reports belonging to the defendant, which is expected to take several days due to the volume of the materials. The Government also informed the defense that, in addition to those devices and cloud accounts, it expected to make rolling productions within the next thirty days of hard drives that were seized from the defendant, the subpoena returns currently in the Government's possession, and materials from the searches executed at the defendant's residences and hotel room.

To the extent that the defense position below suggests otherwise, the Government wishes to clarify that it has been endeavoring to extract devices seized from the defendant as expediently as possible since their seizure. Moreover, the Government is producing the defendant's materials in the first instance without responsiveness or privilege reviews. Finally, the Government informed the defense that it expected to produce the remainder of discovery, including electronic information seized from devices and cloud accounts belonging to other individuals, on a rolling basis by the end of the year. The electronically stored information from third parties must be reviewed before it can be produced to the defendant, and in many cases, must first be reviewed for privilege.

The Government's investigation is ongoing and it will continue to review and produce discovery on a rolling basis as it receives Rule 16 material, or as technology advancements allow the Government to access electronically stored information that has not yet been extracted.

*Defense Position:*

The parties are in almost daily discussions concerning discovery. The defense intends to ask the Court to require the government to immediately produce certain categories of information – namely, copies of Mr. Combs' electronic devices that were seized over six months ago and at the time of his arrest, and certain categories of requested *Brady* material – and to timely review and produce the remaining Rule 16 material in their possession (e.g., outstanding subpoena returns and electronic stored information belonging to other individuals, many of which have also been in the government's possession for many months).

Through our dialogue with the government, we understand that the government seized a significant amount of Mr. Combs' electronic devices and data pursuant to search warrants that were executed on March 25, 2024. The government also seized additional devices belonging to Mr. Combs at the time of his arrest about three weeks ago. We also understand that the government is only now beginning to review and copy these electronic devices, including those that were seized in March 2024. The timely production of these materials is critical to Mr. Combs' ability to prepare his defense. And because these devices belong to Mr. Combs, their production should not be delayed by the government's initial review for responsiveness and privilege. The government has indicated they will be able to produce these devices in the next 30 days.

With respect to other categories of Rule 16 material, we intend to ask the Court to set a reasonable production deadline to allow for sufficient time to review the material in advance of a spring trial date.

**Trial and Motion Scheduling**

*Defense Position*:

  Mr. Combs continues to assert his right to a speedy trial and intends to request a trial date in April or May 2025, and as consistent with the Court's trial schedule.

  Mr. Combs also seeks deadlines for the filing of pretrial motions, with permission to raise certain pretrial motions in advance of any deadline. For example, at some point today, Mr. Combs intends to file a motion for a hearing and other remedies related to unauthorized and prejudicial leaks of grand jury information.

*Government Position*:

  The Government will be available for trial on a date set by the Court, although it remains within the Court's discretion to set a trial date at the outset of the case or at a later time.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

    By:  /s _____
        Meredith Foster
        Emily A. Johnson
        Madison Reddick Smyser
        M. Christy Slavik
        Mitzi Steiner
        Assistant United States Attorneys
        (212) 637-2310/-2409/-2381/-1113/-2284

    By:  /s _____
        Marc Agnifilo
        Teny Geragos
        (646) 205-4350