# AGNIFILO
# INTRATER

October 24, 2024

**BY ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

Defendant Sean Combs respectfully submits this letter in further support of his October 23, 2024 letter (Dkt. 46), and in response to the government's letter (Dkt. 47), regarding the proposed gag order.

As Mr. Combs requested, the order should cover "all local and federal law enforcement agents assisting any aspect of the investigation or prosecution of the above-referenced case and any related grand jury proceedings, including but not limited to employees of the Department of Homeland Security." That request is not "plainly overbroad" but specifically orders any such individuals not to "directly or indirectly disclose any grand jury material in violation of Fed. R. Crim. P. 6(e)," or other information that would be covered by Local Criminal Rule 23.1, which would include agents making false and damaging statements about Combs that would undermine his right to a fair trial. The Court's inherent authority over these proceedings—including the grand jury—plainly authorizes such an order. Nor would the requested order "require the Government to be held accountable" for individuals over which is has no authority or oversight. The purpose of the order is to end what has been a demonstrated history of law enforcement leaks as well as false and damaging public statements by agents, and to facilitate the fairness of these proceedings going forward by reducing the probability of future leaks and such statements.

The order, as the Court recognized at the October 10, 2024 status conference, is not merely designed to reinforce the parties' obligations, but also to equip DHS with an order informing its own employees and agents of their obligations—to the extent any DHS agents or employees become involved in the case and come into possession of grand jury materials or non-public information, or seek to make statements within the purview of Rule 23.1. Oct. 10, 2024 Tr.21-22. Mr. Combs acknowledges the government's representation that any sensitive information is primarily housed at "HSI-New York in a restricted database that is accessible only to the three assigned agents to this case." (Dkt. 47 n.4). However, the government ignores the practical realities of how its investigation has unfolded and will continue to unfold and the history of damaging statements to the press. As just one example, in executing search warrants—many of which were obtained using grand jury materials and other non-public information—the government has relied on multiple other government agents and employees beyond the "three assigned agents." That cannot be disputed, and it should not be ignored in fashioning the scope of an order designed to address a very specific, well-documented problem of leaks and damaging

# AGNIFILO
# INTRATER

---

statements by agents. And while the instant request is not the place to litigate the scope of Rule 6(e) or the "prosecution team,"[1] Rule 6(e)(2)(B)(vii) plainly covers "any government personnel" "to whom disclosure is made."

The Court should not wait to enter the proposed order. The outstanding motion practice concerns only whether the Court should grant a hearing, and the Court has already decided that a gag order is appropriate. If the order is not entered, the prejudicial leaks will only continue, undermining Mr. Combs' right to a fair trial. We appreciate the Court's consideration.

Dated: October 24, 2024                    Respectfully submitted,

_____
Marc Agnifilo
Teny Geragos
Agnifilo Intrater LLP
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com

Anthony Ricco
Law Office of Anthony L. Ricco
20 Vesey Street
New York, NY 10007
(212) 791-3919

Alexandra Shapiro
Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4881

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600

cc:    All counsel (by ECF)

---

[1] Notably, the Second Circuit has expressed serious concern regarding "jurisprudence circumscribing the 'prosecution team'" in cases involving large investigative agencies. *United States v. Hunter*, 32 F.4th 22, 38 & n.70 (2d Cir. 2022) (collecting cases).