# AGNIFILO INTRATER

November 5, 2024

**BY ECF**

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

We write on behalf of our client, Mr. Sean Combs, in further support of the motion to restrict extrajudicial statements by potential witnesses and their counsel, ECF No. 42, and in reply to the government's opposition, ECF No. 53, as instructed by the Court on November 4, 2024, ECF No. 58. In its opposition, the government argues that the requested relief would either result in an order that applies to all civil complainants and their lawyers, or require the government to prematurely disclose its victims and witnesses. ECF No. 53 at 37-38. Either scenario is entirely appropriate.

First, an order that applies to all potential witnesses – including all those who claim to be victims – and their lawyers is entirely appropriate and required by the Sixth Amendment under the circumstances. Contrary to the government's misleading suggestion, the proposed relief does not rely solely on the confines of Local Rule 23.1. *See* ECF No. 53 at 37 (arguing that such an order "would be even more extraordinary and beyond the purview of the Local Rule on which it relies"). Rather, the requested relief stems from the Sixth Amendment and the Supreme Court's decision in *Sheppard* and its progeny. *See* ECF No. 42 at 1-2, 4-5. The Local Rule – developed to address the tension between a defendant's Sixth Amendment right to a fair trial and First Amendment interests – merely codifies what is already established: that certain speech can be restrained to ensure a fair trial.

As the Supreme Court explained in *Sheppard*, trial courts have an affirmative constitutional duty to mitigate the effects of pretrial publicity to ensure that a defendant receives a fair trial. *See Sheppard v. Maxwell*, 384 U.S. 333, 551-56 (1966). In *Sheppard*, the Supreme Court observed that "bedlam reigned at the courthouse" with inadmissible and inaccurate information being leaked to the public. *Id*. at 355. The Supreme Court explained that the "trial court might well have proscribed extrajudicial statements by any lawyer, party, witness, or court official which divulged prejudicial matters." *Id*. at 361; *see also Nebraska Press Association v. Stuart*, 427 U.S. 539, 555 (1976) (vacating order prohibiting the *press* from publishing certain accounts of evidence, but endorsing methods including the prohibition of extrajudicial comments by trial participants to mitigate prejudicial effects of pretrial publicity); *Gentile v. State Bar of Nevada*, 501 U.S. 1030

(1991) (concluding that rule barring attorney's extrajudicial comments that had "substantial likelihood of material prejudice" was constitutionally permissible).

In *In re Dow Jones & Company*, the Second Circuit held that a gag order on trial participants is justified if a court finds that "pretrial publicity . . . posed such a threat to defendants' Sixth Amendment rights as to justify the . . . restraining order," and that no "other available remedies would effectively mitigate [any] prejudicial publicity." 842 F.2d 603, 610-11 (2d Cir. 1988). These possible remedial measures include "change of venue, trial postponement, a searching voir dire, emphatic jury instructions, and sequestration of jurors." *Id*. at 611; *see also* Local Rule 23.1(h). That test is easily met here. The level of media attention on this case is unprecedented and is on track to overshadow those cases where convictions have been overturned based on pretrial publicity. *See Skilling v. United States*, 561 U.S. 358, 379-81 (2010) (discussing cases where convictions were reversed where trial atmosphere was corrupted by press coverage). And because of the overwhelming nationwide attention on this case, no other remedies can mitigate the media coverage. An order restricting public statements by potential witnesses, purported victims, and their lawyers is more than justified under the circumstances. *See In re Dow Jones*, 842 F.2d at 603 (upholding gag order restraining extrajudicial speech by trial participants); *United States v. Brown*, 218 F.3d 415 (5th Cir. 2000) (affirming gag order on parties, lawyers, and potential witnesses, preventing them from making "any extrajudicial statement or interview" and otherwise interfering with the trial in prosecution of state politician). Such an order is especially appropriate in this situation, where the civil litigants and their lawyers stand to benefit from a conviction and are therefore highly motivated to make prejudicial statements to the press and to disseminate highly damaging and false information.

The government does not even attempt to address this authority, and instead argues that Mr. Combs should have to seek relief in each the civil cases on a case-by-case basis from the "capable and experienced judges who are free to assess whether any sort of gag order is appropriate and to fashion remedies." ECF No. 53 at 38. There are currently 30 pending civil cases against Mr. Combs in state and federal courts in New York, California, and Michigan. Putting aside the obvious inefficiencies and other hurdles to the government's facially absurd suggestion, those judges are not responsible for ensuring that Mr. Combs receives a fair criminal trial. That is this Court's "affirmative constitutional duty." *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 378 (1979). The government's suggestion also does nothing to address the prejudicial publicity created by witnesses who have not brought civil claims, such as the grand jury witness and his attorney who recently made numerous claims to the media. *See* ECF No. 57.[1]

---

[1] The government also argues that the Court should hear from third parties on this issue. ECF No. 53 at 38 n.15. The Crime Victims' Rights Act does not afford victims the right to be reasonably heard on issues other than at proceedings "involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771. Moreover, "[n]o rule of federal criminal procedure allows intervention by third parties in a criminal proceeding." *In re New York Times Co*., 878 F.2d 67, 67-68 (2d Cir. 1989).

Hon. Arun Subramanian
November 5, 2024
Page 3 of 4

The government also argues that a more limited gag order on witnesses should be denied because it is "simply another way to get at the relief sought in the Bill of Particulars Motion." Dkt. 53 at 37. But the relief sought in Mr. Combs's request for a bill of particulars is entirely justified, as he argued in his letter motion. Dkt. 36.[2] Given the sprawling nature of the allegations in the indictment, and the constant stream of false accusations made by new civil complainants every week, Mr. Combs is entitled to know the nature of the charges against him so that he can prepare his defense. It would also be highly appropriate to require the government to produce an early witness list under these unique circumstances where there is substantial risk of unfair surprise. *See United States v. Cannone*, 528 F.2d 296, 300 (2d Cir. 1975) ("[D]istrict courts have authority to compel pretrial disclosure of the identity of government witnesses.").

The government appears to suggest that it would be impossible—a "fool's errand"—for it to attempt to compile a witness list now, while it is still investigating. Dkt. 53 at 37. But it cannot be the case that whenever the government is continuing to investigate, it is relieved from prosecuting the charges that have already been brought, are currently pending, and that serve the basis for keeping a defendant in pretrial custody. Requiring the government to disclose its known victims and witnesses now does not prevent the government from adding additional witnesses in the future based on new charges. The solution is simple: The order could be entered now and amended at a future date as case needs dictate. What is clear *now* is that a gag order is needed *now*. Given the extraordinary media attention devoted to this case, extrajudicial statements of the sort made by the grand jury witness last week will continue unabated until this Court takes action to rein in the circus and preserve the defendant's right to a fair trial.

---

[2] Mr. Combs will separately file a reply in support of that motion on Friday, November 8.

Hon. Arun Subramanian
November 5, 2024
Page 4 of 4

We appreciate the Court's consideration.

Respectfully submitted,

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anthony Ricco
Law Office of Anthony L. Ricco
20 Vesey Street
New York, NY 10007
(212) 791-3919
tonyricco@aol.com

Alexandra Shapiro
Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4881
ashapiro@shapiroarato.com

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestevao@shertremonte.com