UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

SEAN COMBS,

              Defendant.

24-cr-542 (AS)

### Reply Memorandum In Further Support Of Mr. Combs' Motion For An Order Directing The Government To Identify Alleged Victims

Mr. Combs submits this reply in support of his motion for an order directing the government to identify its alleged victims, Dkt. 36.

Rule 7(f) states simply: "The court may direct the government to file a bill of particulars." As the text of the rule suggests, the decision whether to direct a bill of particulars is committed to "the sound discretion of the trial court." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). The general contours of the case law are well-known: A request for a bill of particulars should be granted where it is necessary to allow the defendant to prepare for trial, but it should be denied where it is used as discovery device. Each case, however, turns on its own unique facts. "The line that distinguishes one defendant's request to be apprised of necessary specifics about the charges against him from another's request for evidentiary detail is one that is quite difficult to draw." *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000). The "essential question" is whether the defense has enough information that he can conduct his own investigation, prepare for trial, and respond to the charges. *Id*. at 235. The bill should be granted where it will "help a defendant focus his investigation and prepare for trial." *United States v. Nachamie*, 91 F. Supp. 2d 565, 573 (S.D.N.Y. 2000).

1

Given the extraordinary and indeed unprecedented nature of the allegations in this case, this Court is well justified in ordering a bill of particulars identifying the names of alleged victims. Simply put: Mr. Combs is charged with various offenses arising out of allegations that he coerced some individuals into sexual conduct, but he does not know their identities. This case is highly unusual in that dozens of financially-motivated individuals have made false claims of sexual assault—many of whom Mr. Combs has never even met or perhaps only met in passing at a party along with hundreds of others. Mr. Combs has no way of knowing whose claims the government is crediting. The discovery—largely made up of Mr. Combs's own devices and showing uniformly consensual sexual activity—provides no guidance. It is impossible to prepare a defense in such circumstances. The government cites numerous cases denying motions for a bill of particulars, but none of them bear any resemblance to this case. Indeed, this case is sui generis. Here, a bill of particulars "is necessary to the preparation of [Mr. Combs's] defense, and to avoid prejudicial surprise at trial." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). It is also necessary so that the defense can comply with Rule 23.1 and this Court's gag order.

The government's arguments to the contrary are unavailing.

*First*, the government suggests that the text of the indictment itself is sufficient. Dkt. 53 at 25. It notes that the indictment is a "14-page speaking Indictment," *id*. at 28, as if that alone settles the matter. But the indictment is both astoundingly broad and woefully underspecified. It alleges a racketeering conspiracy lasting from 2008 through 2024. Dkt. 2 ¶ 13. It says that the conspiracy included, inter alia, "multiple acts involving kidnapping," "multiple acts" of forced labor, and "multiple acts" of sex trafficking. *Id*. ¶¶ 13.a, 13.e, 13.f. The indictment is based on

2

allegations that Mr. Combs and others coerced certain individuals to engage in sexual conduct—but it never identifies which individuals were supposedly coerced.

Moreover, the indictment alleges that he "coerced women" "to fulfill his sexual desires," "[f]or decades," *id.* ¶ 1, and is so broad as to include instances where Mr. Combs allegedly "subjected victims" to "emotional" abuse and "maintained control" over them through "promises of career opportunities," "granting and threatening to withhold financial support," and "other coercive means," leading alleged victims to believe that, if they refused sex, it would "risk[] their financial or job security." *Id*. ¶ 12(c). This could be read to include anyone who believed that sex with Mr. Combs would advance their careers or lead to financial benefits. This is thus precisely the sort of case where the allegations "are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999).

*Second*, the government contends that other methods of discovery are sufficient to allow Mr. Combs to prepare his defense. But the discovery provided so far does not identify the alleged victims, and there is no guarantee that any future discovery will do so either. It is true, as the government notes, that it has turned over many terabytes of data, including search warrant affidavits. Dkt. 53 at 28. The productions are so voluminous that, in the absence of further information, it is unclear which portions are even relevant to the charges. Without knowing the identities of the alleged victims, for example, it is unclear which of the hundreds of hours of disclosed videos contains relevant evidence. Discovery review under the circumstances is an endless and impossible task.

Moreover, the disclosures to date raise more questions than they answer. The warrant applications paint a picture of a somewhat meandering investigation still searching for a theory.

3

Earlier warrant affidavits, for example, contained allegations that were dropped from later warrant affidavits, suggesting that the government determined in the interim that the allegations were not credible and thus would not be part of its case. Other than the allegations relating to Victim-1, the warrants do not clarify who will be leveling accusations against him. There is simply no way for Mr. Combs to know how to review the discovery provided, what defense investigation to undertake, or how to defend himself at trial.

And it is not certain that future discovery will provide clarity, much less in a timely fashion. For example, the government notes that it will provide witness lists eventually—and it argues that a bill of particulars cannot be used as a device to force early disclosure of witness lists. Dkt. 53 at 32. But the fact that a person is named as a witness is neither necessary nor sufficient to their being an alleged victim of the charged crimes. Some witnesses will presumably not claim to be victims but will rather testify as to what they observed; some alleged witnesses may not testify.[1] In short, regardless of who the witnesses are—regardless of what *evidence* the government will present at trial to prove its charges—Mr. Combs deserves fair notice of the fundamental *nature* of the charges so he may defend himself. He cannot reasonably prepare a defense without knowing the identities of the alleged victims.

*Third*, the government argues that Mr. Combs is merely requesting a bill of particulars as a cunning device to "improperly restrict the government's proof." Dkt. 53 at 35. But again, the request here is not for proof or disclosure of evidence. It is much more fundamental than that. Given that Mr. Combs is charged with participating in a conspiracy that involved kidnapping, for

---

[1] Nor will a notice under Rule 404(b) provide the requisite notice. Rule 404(b) covers evidence of *uncharged* other crimes or acts. Mr. Combs is seeking basic information regarding the *charged* offenses—such as the charged acts of kidnapping, forced labor, and sex trafficking.

4

example, he should know who was alleged to have been kidnapped—regardless of what evidence the government may use to prove that charge at trial.

In any event, Rule 7(f) itself provides an answer to the government's concern: "The government may amend a bill of particulars subject to such conditions as justice requires." The rule provides the necessary flexibility, and, like the decision to order the bill in the first instance, this Court will have discretion to decide whether it may be amended later. *See United States v. Mulder*, 273 F.3d 91, 100 (2d Cir. 2001). Thus, if the government seeks to add additional victims later, it may seek to do so—that bridge can be crossed, or not, at a later date. Ordering a bill of particulars now would not restrict the government. It would simply allow the defense a fair opportunity to prepare.

*Fourth*, the government argues that because Mr. Combs knows whom he assaulted, no disclosure is required. Dkt. 53 at 29. It argues, in other words, that because he is guilty, he is not entitled to disclosure. That argument is transparently fallacious. Mr. Combs has no way of knowing which of his prior sexual partners over the decades now claim that they were coerced into sexual activity. Worse still, given the number of people making claims against him, it is impossible for him to guess whom the government is crediting.

The cases cited by the government do not support its argument. In *United States v. Ray*, for example, the court denied a bill of particulars identifying the victims because they were, unlike here, clearly identified in the indictment. The victims were a group of college students, identified in the indictment as former roommates of the defendant. 2021 WL 3168250, at *5 (S.D.N.Y. July 27, 2021). Given those facts, the defendant obviously was aware who the alleged victims were, and "enjoy[e]d the ability to investigate each of the Roommates and Victims." *Id.* at *6.

Strangely, the government also relies on *United States v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000), even though that case undermines rather than supports its arguments. In *Nachamie*, the defendant sought a bill of particulars identifying the names of alleged co-conspirators. The court *granted* the motion, because there were a "large number of co-conspirators and a long-running conspiracy." *Id*. at 572. It relied on other similar cases including *United States v. Trie*, 21 F. Supp. 2d 7, 22 (D.D.C.1998), where the court granted a bill because there were approximately eighteen co-conspirators and an alleged conspiracy lasting three years. *Id*. at 573. Here, there are potentially hundreds of complainants and an alleged conspiracy lasting sixteen years. Here, as in *Nachamie*, the government has "failed to give [the defendant] adequate notice of the particular charges," and "providing the names" of alleged victims is a bare necessity to "allow [the defendant] to prepare for trial." *Id*.

In short, given the incredibly broad nature of the alleged conspiracy here, the government's response—which boils down to "you know what you did"—is wholly unpersuasive. That is especially true given the wild and ever-expanding allegations appearing in the press from both government agents and civil attorneys. As noted in Mr. Combs's last letter, Dkt. 57, just last week a civil attorney made new and false allegations of sexual assault of minors and celebrities, while government agents continued to leak to the press about numerous potential additional victims. Against this backdrop—a never-ending circus of salacious and baseless allegations—Mr. Combs is entitled to know the basic nature of the government's actual case against him.

*Fifth*, the government raises safety concerns that may arise if alleged victims are identified now. Mr. Combs has addressed these concerns in his bail motion, Dkt. 60. In any event, these concerns must be considered in the context of this unusual case, where numerous

putative victims and their attorneys have eagerly made their identities publicly known without fear of repercussions.  And this Court has numerous means at its disposal to protect victims, who are all represented by zealous counsel.  In the end, moreover, their identities will have to be disclosed.  The only question is whether they should be disclosed now, so that Mr. Combs can adequately prepare his defense, or whether the government will be allowed to hide them until shortly before trial.

*Sixth* and finally, the government argues that the motion is a "blatantly improper" request for information to respond to allegations in the related civil suits.  Dkt. 53 at 36-37.  But the scope of the criminal case—and the government's refusal to define its scope—impacts the related civil cases.  The government's refusal to identify victims makes it impossible for Mr. Combs to understand the limits of this Court's gag order, Dkt. 50, and prevents him from responding to a raft of unfounded accusations by civil complainants in the press (absent the imposition of a broad order, as requested in the alternative, Dkt. 42).  It also frustrates the ongoing civil litigation in other ways.  For example, Section 1595 requires civil suits alleging sex trafficking to be stayed during criminal actions that "aris[e] out of the same occurrence in which the claimant is the victim."  18 U.S.C. § 1595(b)(1) ("Any civil action filed under subsection (a) *shall be stayed* during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." (emphasis added)).  By refusing to identify victims and the scope of the criminal case, the government is frustrating the purpose of Section 1595.

For the foregoing reasons, Mr. Combs respectfully requests that this Court order a bill of particulars identifying alleged victims.

Date:  November 8, 2024                                  Respectfully Submitted,

/s/Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4881
ashapiro@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anthony Ricco
Law Office of Anthony L. Ricco
20 Vesey Street
New York, NY 10007
(212) 791-3919
tonyricco@aol.com

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestevao@shertremonte.com