

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 22, 2024

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *United States v. Sean Combs*, 24 Cr. 542 (AS)

Dear Judge Subramanian:

The Government respectfully submits this letter in advance of the hearing scheduled for November 22, 2024 in connection with the defendant's renewed motion for bail and in response to the Court's inquiry about the relevance of the bail package ordered with the Government's consent as to defendant Michael Jeffries in *United States v. Jeffries*, *et. al.*, 24 Cr. 423 (NJC) (E.D.N.Y). For the reasons stated below, the circumstances in *Jeffries* are inapposite and provide no support for the defendant's bail application in the instant matter.

On October 17, 2024, a grand jury sitting in the Eastern District of New York returned an indictment charging three defendants, including Michael Jeffries ("Jeffries"), with one count of sex trafficking, in violation of 18 U.S.C. § 1591, and 15 counts of interstate prostitution, in violation of 18 U.S.C. § 2422(a). As alleged, from approximately 2008 to 2015, Jeffries and his co-defendants operated an international sex trafficking and prostitution business. Jeffries allegedly paid for dozens of men to travel within the United States and internationally to meet Jeffries and his co-defendants to engage in commercial sex acts. In addition, Jeffries and his co-defendants relied on a security company to surveil and intimidate witnesses who threatened to expose their misconduct. Following his arrest, the Government consented to Jeffries's release on strict bail conditions, including a secured $10 million bond, and home detention with electronic monitoring.

The defense argues in its renewed bail motion that Combs is "similarly situated" to Jeffries and should similarly be released. (Dkt. 61 at 6). But beyond superficial similarities—the high profile positions of the defendants and sex trafficking charges—the cases are materially different as to multiple factors the Court must consider under the Bail Reform Act.

*First*, the nature and circumstances of the offenses are substantially different. While the *Jeffries* case (which spans from 2008 to 2015) alleges the use of force, fraud, and coercion to engage men in non-consensual sex, there are no allegations that Jeffries committed non-trafficking related violent acts or that he used firearms during the charged period. The Indictment against Combs alleges both. With respect to the charged offenses, *Jeffries* does not include a racketeering offense. By contrast, Combs is charged with leading a racketeering enterprise that engaged in a

persistent pattern of racketeering activity from 2008 through 2024 that included repeated acts of violence by Combs and his co-conspirators, including multiple acts involving kidnapping, arson, and forced labor. Further, as detailed in the Indictment, Combs protected and promoted his role in the enterprise through violence, use of firearms, threats, coercion, and verbal, emotional, physical, and sexual abuse. As recently as March 2024, firearms and ammunition, including three AR-15s with defaced serial numbers, were recovered from Combs' residences.

*Second*, the defendant's criminal conduct, including acts of obstruction, has persisted through the present. While Jeffries allegedly also engaged in efforts to conceal criminal activity, including through the use of surveillance and threats of litigation to ensure victims' silence, that alleged conduct ended in 2015. Here, however, the conduct charged against Combs extends through 2024. And even since being charged, Combs has continued his obstructive conduct, including by repeatedly flouting the orders of this Court and the rules and regulations of the BOP. For all the reasons cited in the Government's opposition, it strains credulity to believe that Combs will stop engaging in criminal conduct and abide by conditions of release.

*Third*, the history and characteristics of the two defendants are significantly different. Jeffries is 80 years old with no criminal history. Combs is decades younger. Further, he has been arrested and investigated multiple times for crimes of violence and obstruction, and as described above, has repeatedly violated BOP regulations and the very same gag order he demanded that this Court enter.

\* \* \*

In sum, *Jeffries* is materially different from the instant matter. For the reasons stated above and in the Government's motions, the defendant's renewed motion for bail should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   /s                      
Meredith Foster / Emily A. Johnson / Christy Slavik
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2310/-2409/-1113/-2381/-2284

cc: all counsel by ECF