# AGNIFILO INTRATER

December 4, 2024

**VIA ECF**

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    We write on behalf of Mr. Combs to request that the Court direct the MDC to provide Mr. Combs with the laptop prepared for him by the government, and allow him to use that laptop on his unit, consistent with the way other inmates on his unit are permitted to use their laptops.

    Two months after he was charged and detained, on November 25, 2024, the government provided the MDC with a laptop that Mr. Combs can use to review discovery, take notes related to his case, and otherwise assist in his defense. In the nine days since then, Mr. Combs has still not been provided with the laptop despite numerous inquiries by defense counsel. Finally, this morning, the government informed defense counsel that after consultation with MDC counsel, Mr. Combs has two options related to his laptop: (1) he will only be provided with the laptop in the unit's video-teleconference room during select times when legal staff is available and when that room is not otherwise being used during other inmates' legal calls; or (2) he will only be provided with the laptop in the legal visiting room between the hours of 8-3:30pm. But, not both. These restrictions are untenable and from what we understand, not required of any other inmate on Mr. Combs' unit. They significantly limit the time available for Mr. Combs to use the laptop and force Mr. Combs to choose between using the laptop and meeting with his attorneys (who often meet with Mr. Combs over video-teleconference). There is also no justification for these restrictions. To be clear, the discovery provided on Mr. Combs laptop does not contain any evidence designated as "attorneys' possession only" and therefore does not contain anything that could potentially risk the safety or privacy of alleged victims or witnesses. *See* Dkt. 26. While the terms of the Protective Order disallow Mr. Combs from disclosing the discovery to third parties, there is no reason to believe that Mr. Combs is going to show it to other inmates such that a departure from normal MDC practice is warranted. Thus, there is no conceivable reason why such restrictions should be placed on Mr. Combs. Nor could any reason outweigh his significant interest in reviewing discovery and assist in preparing his defense. Moreover, given the government's efforts to surreptitiously monitor and record his handwritten legal notes, Mr. Combs' need for a laptop to take legal notes free from government surveillance is heightened.

Hon. Arun Subramanian
December 4, 2024
Page 2 of 3

In addition, last night, defense counsel learned that the MDC has been providing the prosecution team – and not via the filter team – copies of MDC attorney visitation forms. Who Mr. Combs meets with in connection with his legal defense – including potential experts and investigators – is potentially privileged. Even if not privileged, this level of surveillance offends due process and hampers his ability to prepare his defense. The MDC has informed defense counsel that it produces such information whenever a defendant complains about inability to access his attorneys. Here, however, the defense has not taken issue with Mr. Combs' ability to meet with his attorneys in-person at the MDC. Rather, Mr. Combs' inability to prepare for his defense stems from the restrictions the government has placed on his ability to receive and review discovery, and his inability to keep his privileged legal notes confidential. There is no conceivable reason why the government should know who and when Mr. Combs meets with in connection with his legal defense.

Accordingly, we respectfully request that the Court direct the MDC to (1) provide Mr. Combs with the laptop that has been prepared and provided by the government, and to allow him to use it in the unit; and (2) cease sending the government copies of attorney visitation forms.

The government has indicated that it intends to file a response.

Respectfully submitted,

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anthony Ricco
Law Office of Anthony L. Ricco
20 Vesey Street
New York, NY 10007
(212) 791-3919
tonyricco@aol.com

Alexandra Shapiro
Shapiro Arato Bach LLP

2

Hon. Arun Subramanian
December 4, 2024
Page 3 of 3

                                        1140 Avenue of the Americas, 17th Fl.
                                        New York, NY 10036
                                        (212) 257-4881
                                        ashapiro@shapiroarato.com

                                        Anna Estevao
                                        SHER TREMONTE LLP
                                        90 Broad St., 23rd Fl.
                                        New York, NY 10004
                                        (212) 202-2600
                                        aestevao@shertremonte.com