U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

26 Federal Plaza, 37th Floor
New York, New York 10278

January 14, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24 Cr. 542 (AS)

Dear Judge Subramanian:

      The Government respectfully submits this letter to request that the Court direct that the defendant's January 14, 2025 letter motion to amend the protective order (*see* Dkt. 126, or the "Motion") be removed from the docket and re-filed with appropriate redactions that comport with the requirements of the Protective Order in this case, (*see* Dkt. 26). The Motion seeks an amendment to the Protective Order related to certain videos that have been made available to counsel and the defendant for inspection only and not electronically produced (the "Videos"). In making this motion with incomplete redactions, however, the defendant has violated the Protective Order he seeks to amend.

      The Videos, which depict sexually explicit content and nudity, are designated Attorney's Eyes Only ("AEO") by the Protective Order, subject to the carve out making the Videos available for the defendant's inspection.[1] (*See* Dkt. 26 ¶ 8 ("All visual depictions . . . of sexually explicit content or nudity, will be designated AEO regardless of whether it has been designated as such by the Government. At the discretion of the Government, certain AEO Material depicting sexually explicit content or nudity may be made available for in-person inspection only.")). The Protective Order makes clear that the defense "shall not share any AEO Material or the content of AEO Material with any other persons," subject to the carve-out allowing for the defendant's inspection of the Videos. Further, AEO Material is also designated "Sealed" under the Protective Order, meaning that "any portion" of such material cannot be publicly filed on the docket unless it is filed under seal or the parties first confer regarding the Sealed designation. (*Id.* ¶¶ 6, 8).

      Under the Protective Order, no portion of the Videos should have been filed on the public docket without being filed under seal or without the defense first conferring with the Government as to the designation. Neither occurred. Instead of conferring in advance or redacting all content related to the Videos, the Motion blatantly violated the Protective Order when it left unredacted descriptions and characterizations of material designated AEO. There is no alternative reading of the Protective Order other than (1) the substance of AEO material cannot be shared with any other

---

[1]   Footnote 3 of the Protective Order, which is redacted in the publicly filed version, specifically addresses how the Videos will be made available for inspection.

persons and (2) AEO material is otherwise designated "Sealed," meaning that it cannot be filed on the public docket. While the public dissemination of AEO material substantially impacts the privacy and safety of victims, (*Id.* ¶ 4), filing AEO material under seal in no way prejudices the defendant, as the full substance of the Motion will still be before the Court. The Protective Order thus serves to protect victims' interests and to prevent the defendant from—as he did here—selectively and improperly disclosing evidence to the public in advance of trial.

The Government therefore respectfully requests that the Court remove the Motion (Dkt. 126) from ECF and direct counsel to re-file the Motion with redactions that comply with the Protective Order.[2] With this motion, the Government also submits under seal for the Court's review proposed redactions that comply with the Protective Order. After the Motion was filed, the Government immediately contacted defense counsel requesting that additional redactions be made in accordance with the Protective Order, and counsel responded only that they "disagreed with [the Government's] view of the protective order."

Finally, the Government respectfully requests that it be permitted to file its opposition to the Motion within two weeks—that is, by January 28, 2025. The defendant takes no position on this request.

Respectfully submitted,

EDWARD Y. KIM
Acting United States Attorney

By:   /s/
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:   Counsel of record (by ECF)

---

[2] Legal counsel for Victim-1 has advised the Government that Victim-1 also opposes the public filing of information relating to the content of the Videos in violation of the Protective Order. *See also* 18 U.S.C. 3771(8) ("A crime victim has . . . [t]he right to be treated with fairness and with respect for the victim's dignity and privacy.").