

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37ʰ Floor*
*New York, New York 10278*

January 27, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    **Re:**    ***United States v. Combs*, 24 Cr. 542 (AS)**

Dear Judge Subramanian:

    The Government respectfully submits this brief response to the defendant's letter dated January 24, 2025 (the "January 24 Letter," Dkt. No. 135). In the January 24 Letter, the defendant makes a number of new and unsupported allegations of misconduct against the Government based on the declarations filed by the Government and the Bureau of Prisons in response to the Court's January 3, 2025 Order. (*See* Dkt. No. 123; Dkt. No. 131-1 ("Pros. Team Decl."); Dkt. No. 131-2 ("Investigator-1 Decl.")). These allegations contort and misrepresent the contents of the declarations and do not merit consideration by the Court. Most significantly, the facts laid out in the declarations clearly refute the defendant's spurious allegations that Investigator-1's conduct during the sweep was directed by the Prosecution Team or done to obtain evidence against the defendant for this criminal case. (*See* January 24 Letter at 1, 3-4; Pros. Team Decl. ¶ 16; Investigator-1 Decl. ¶¶ 10-20, 23). The defendant's other allegations similarly ignore or misconstrue the facts. For instance, the defendant argues that the Government was "complicit" in Investigator-1's monitoring of Combs phone calls for the BOP. (January 24 Letter at 2, 4). But Investigator-1's statements make plain that his monitoring was properly and independently done as part of his BOP duties. (Investigator-1 Decl. ¶¶ 3-6). Moreover, any attorney communications obtained by the Government were provided directly to a filter team for the express purpose of protecting the defendant's privilege. (*See* Dkt. No. 117 at 16-18). In sum, these new allegations do not support the relief the defendant seeks, including additional fact-finding. Nonetheless, should the Court be inclined to consider these new claims in deciding the defendant's pending motion or request for a hearing, the Government first requests the opportunity to respond in full to the January 24 Letter.

    To be clear, however, the Court need not consider these new allegations because even if taken as true—which they cannot be—the allegations cannot cure the fatal flaws in the defendant's motion for discovery and a hearing. As set forth in the Government's opposition brief (Dkt. No. 117), and as underscored by the facts set forth in the declarations, the defendant's Fourth and Sixth Amendment claims are moot and meritless. *First,* the defendant's Fourth Amendment claim regarding the MDC Sweep is moot because the Government will not seek to offer the defendant's notes photographed by Investigator-1 or any "fruits" of those notes in its prosecution of the defendant. (*See* Dkt. No. 117 at 11-12). *Second*, with respect to the defendant's Sixth Amendment

claim, despite his latest efforts to twist the facts in the January 24 Letter, the defendant cannot show that the Prosecution Team—which does not include Investigator-1—intentionally interfered with the defendant's attorney-client relationship. Even if the defendant's misleading assertion that the Government directed the search of his housing unit were credited, it is not disputed that the Government had no knowledge whatsoever that Investigator-1 would take part in that search or that the defendant's papers would be photographed. (*See* Pros. Team Decl. ¶¶ 14-16). Moreover, *all* photographs taken during the MDC Sweep of the defendant's papers were provided to the Filter Team in the first instance, consistent with the Government's practice of providing all other potentially privileged materials obtained from BOP to the Filter Team for review. (*See* Dkt. No. 117 at 12-18). Accordingly, the defendant's Sixth Amendment claim must fail and there is no need for discovery, a hearing, or any other relief requested by the defendant.

Respectfully submitted,

DANIELLE R. SASSOON
United States Attorney

By: ___/s_____
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:    Counsel of record (by ECF)