UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>SEAN COMBS,<br>   a/k/a "Puff Daddy,"<br>   a/k/a "P. Diddy,"<br>   a/k/a "Diddy,"<br>   a/k/a "PD,"<br>   a/k/a "Love,"<br><br>                            *Defendant.* | **Addendum to Protective Order**<br><br>S1 24 Cr. 542 (AS) |

Upon the joint application of the United States of America and counsel to the defendant, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows with respect to the material described in footnote 3 of the October 7, 2024 Protective Order (*see* ECF No. 26) (the "Footnote 3 Material"):

WHEREAS, on January 14, 2025, the defendant moved to amend the protective order to treat the Footnote 3 Material as APO Material pursuant to the Protective Order,

WHEREAS, on January 29, 2025, the Court denied the defendant's application to amend the protective order without prejudice, and directed the parties to engage in further discussions,

WHEREAS, the parties have negotiated the restrictions below to govern the storage of, and access to, the Footnote 3 Materials by defense counsel, the defendant, and retained experts,

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. The Footnote 3 Material will be produced via two encrypted hard drives (the "Drives") to Teny Geragos, who will have sole custody of the Drives, which will be stored in a secure location at the Agnifilo Intrater LLP office at 445 Park Avenue, 7th floor, New York, NY 10022.

The Footnote 3 Material will not be viewed on, or copied to, a computer that connects to the internet.

2. The password to the encrypted Drives will be provided by the U.S. Attorney's Office for the Southern District of New York solely to Teny Geragos.

3. The defendant's retained audio and visual enhancement expert (the "A/V Expert") may be provided one of the two encrypted Drives. Teny Geragos may share the password to the Drive only with the A/V Expert. The A/V Expert may attempt to enhance the audio or visual quality of the Footnote 3 Material and to independently review and analyze its metadata. This work will be performed by the A/V Expert on a computer that has internet access disabled while the work is performed. If the A/V Expert creates any different versions of the Footnote 3 Material, either video or still image, such enhanced material will be saved to the encrypted Drive provided to the A/V Expert by Agnifilo Intrater LLP. No copies of the Footnote 3 Material, or any enhancements made thereto, will be saved on the computer used to perform work by the A/V Expert.

4. Agnifilo Intrater LLP will submit to the Court (*ex parte* and under seal) a list of individuals who view the Footnote 3 Material, including any enhanced versions of the Footnote 3 Material created by the A/V Expert. The individuals permitted to view the Footnote 3 Material are limited to (i) retained defense experts, (ii) witnesses who are depicted in the Footnote 3 Material, and (iii) defense counsel or personnel for whose conduct defense counsel is responsible. The Footnote 3 Material will only be shown to, or viewed by, the individuals in categories (i), (ii), or (iii), above, in person on a computer that does not connect to the Internet. The Footnote 3 Material, or any portions thereof, will not be viewed on a computer connected to the Internet, any video conferencing platform, or shared via the Internet in any way.

2023.11.26

5.  Within one week following either (i) the jury's verdict, or (ii) the defendant's plea of guilty, Agnifilo Intrater LLP will return the two Drives containing the Footnote 3 Material and any enhanced versions to the U.S. Attorney's Office for the Southern District of New York, which will maintain custody of the Drives, until such time as the discovery can be destroyed in accordance with Paragraph 12 of the Protective Order.

6.  Should any of the Footnote 3 Material, enhanced versions of the Footnote 3 Material, or still images taken from the Footnote 3 Material be marked as trial exhibits and/or admitted into evidence at trial, the marked exhibits will be stored and accessed in accordance with the same requirements as the Footnote 3 Material —that is, on an encrypted hard drive, in a secure location at Agnifilo Intrater LLP's office, and viewed only on a computer without access to the Internet. The parties will meet and confer in advance of any exhibit deadlines on a method of secure transmission for marked exhibits to the opposing party and the Court.

7.  Nothing in the agreement limits either party's ability to offer the Footnote 3 Material into evidence at trial, and both parties reserve the right to raise objections to the admission of the Footnote 3 Material into evidence.

## Retention of Jurisdiction

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney

by: _____   Date: 2/18/2025
Maurene Comey
Meredith Foster
Emily A. Johnson
Madison Reddick Smyser
Christy Slavik
Mitzi Steiner
Assistant United States Attorneys

_____   Date: 2/18/25
Marc Agnifilo, Esq.
Teny Geragos, Esq.
Alexandra A.E. Shapiro, Esq.
Anna Estevao, Esq.
Jason A. Driscoll, Esq.
Counsel for Sean Combs

SO ORDERED:

Dated: New York, New York
       February 20, 2025

_____
HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

4

2023.11.26