

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 21, 2025

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *United States v. Sean Combs*, 24 Cr. 542 (AS)

Dear Judge Subramanian:

The Government writes in response to the defendant's letter asking the Court to rule on its motion for a bill of particulars (the "Motion"), originally filed on October 15, 2024. (Dkt. No. 154 (the "Letter")). The Government continues to oppose the Motion, which was originally styled as a request for a bill of particulars identifying victims and has now been apparently broadened to encompass not only victim names, but also the names of a large number of potential Government witnesses. The defendant provides no persuasive basis for his request, which in any event will be fully satisfied when the Government provides the information on the schedule already set by the Court, and the request should accordingly be denied.

For the reasons set forth in detail in the Government's October 30, 2024 opposition to the Motion, premature identification of victims and witnesses carries significant risks in a case like this one, which involves numerous allegations of violence, coercion, obstruction of justice, and witness tampering. (*See* Dkt. No. 53 at 33-34 (citing, *inter alia*, *United States v. Kelly*, 19 Cr. 286 (AMD), 2020 WL 473613, at *1 (E.D.N.Y. Jan. 29, 2020))). Moreover, since filing the Motion, the defendant has received substantial additional disclosures—including terabytes of Rule 16 discovery—which provide him with more than sufficient information to prepare for trial. Most relevant to the instant request, on February 1, 2025, the Government provided the defendant with a 16-page Enterprise Letter, outlining in detail the racketeering activity and related conduct that the Government currently expects to prove at trial in connection with the charged racketeering conspiracy offense.[1] The Enterprise Letter described these acts in detail, including their approximate dates and the people involved—noting, for example, their titles at the defendant's company or providing other identifying features. In short, these additional disclosures undermine any claim by the defendant that he is not aware of the "nature of the charge pending against him"

---

[1] As previously communicated to the defendant, the Government will supplement the Enterprise Letter in the event that additional incidents are identified or if the Government obtains additional material information about the conduct described.

or is unable to adequately prepare for trial. *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (citation and quotation marks omitted).

Instead, the defendant's renewed request for a bill of particulars is merely an attempt to relitigate the pretrial schedule to get even earlier disclosure of victim and witness information. But his assertion that such information would be useful is no basis to grant his request. *See United States v. Wey*, No. 15-CR-611 (AJN), 2017 WL 237651, at *17 (S.D.N.Y. Jan. 18, 2017) (stating that bill of particulars should be granted where it is *necessary* for the preparation of the defense, not merely *useful*). Specifically, while the defendant claims that it is "impossible to do a proper defense investigation as to the allegations in the enterprise letter in less than 2 months without the names of the individuals" (Letter at 1), defense counsel does not explain *why* such a task is impossible particularly when it has the detailed information set out in the Enterprise Letter and in prior disclosures. Under the law, merely saying that a bill of particulars is "necessary" does not make it so. *See United States v. Raniere*, 384 F. Supp. 3d 282, 323 (E.D.N.Y. 2019) ("Raniere has not carried his burden to show that a bill of particulars is necessary. . . . His assertion . . . that the Government provided '"mountains of documents" with little guidance as to which ones are relevant' is insufficient." (citation omitted)). At bottom, the defendant's renewed request for victim and witness identities is "not the function of the bill of particulars," *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010), and must be denied.

Finally, the Court has already set the schedule for additional pretrial disclosures, including the Government witness list and those witnesses' prior statements, which will provide the information the defendant now seeks (and more) well in advance of the scheduled trial date. Pursuant to that schedule, the Government will produce 3500 material on March 21, 2025—more than six weeks before trial—and will furnish a witness list on April 14, 2025. (*See* Dkt. No. 125). This schedule provides more than sufficient notice to the defendant and adequate time to prepare for trial.

Accordingly, for the reasons listed above, and those set out in the Government's prior opposition brief (*see* Dkt. No. 53), this Court should deny the defendant's Motion.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:   /s
    Maurene Comey / Meredith Foster
    Emily A. Johnson / Christy Slavik
    Madison Reddick Smyser / Mitzi Steiner
    Assistant United States Attorneys
    (212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc: all counsel of record