# AGNIFILO
# INTRATER

March 26, 2025

**VIA EMAIL**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, **24-cr-542 (AS)**

Dear Judge Subramanian:

    Mr. Combs respectfully submits this additional letter to supplement his motion to suppress evidence (ECF 159) and to alert this Court to additional recent disclosures by the government. Mr. Combs apologizes for the serial filings, but these additional recent disclosures contradict the government's assertions in its opposition to his motion to suppress (ECF 171).

    Mr. Combs's motion noted that several of the alleged victims and other witnesses had pursued civil claims against him and thus had motives to exaggerate or fabricate. Although the government has an obligation to reveal information going to the credibility of informants, the government's warrant applications ███████████████████████████ ███████.

    In its opposition to the motion to suppress, the government again claimed ignorance. It argued that Combs had "not made any showing that the affiant was aware of many of the alleged omitted financial motives." (ECF 171 at 20.). More specifically, the government asserted it "was not aware of ████████████████████████████████ ██████████████████████████." (*Id*; *see also id*. at 22 n.11). The government similarly stated they were "not aware of ██████████████████████████████. As such, any omission of this information clearly cannot satisfy the intent prong of the analysis." (*Id.* at n.11; *see also id.* at 29.)

    Once again, recently disclosed evidence contradicts these assertions. In early March 2024, prior to the warrants on Mr. Combs's person and homes, █████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████. (*See* Exhibit 38). Prior to seeking the challenged warrants, the government was thus clearly aware of ████████████████████████████████████████. The government's representation to the contrary in its opposition is flatly and demonstrably false.

    The government also recently disclosed additional 3500 material demonstrating that government agents—including the warrant affiant himself—were in regular

Hon. Arun Subramanian
March 26, 2025
Page 2 of 2

communication with both ▇▇▇▇ and her attorney, and that it had a copy of ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*See* Exhibit 39, Exhibit 40). Finally, recently disclosed evidence also demonstrates that the government knew Victim-4 was ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇. (*See* Exhibit 41).

    In adjudicating Mr. Combs's motion to suppress, this Court must determine whether the warrant applications were intentionally and materially misleading. The *Franks* inquiry is not limited to the affiant's knowledge alone and instead is shaped by what the investigative team knew, under the "collective knowledge" doctrine. *See* ECF 187 at 11 (citing authorities). The warrant applications were obviously reviewed and approved (if not drafted) by the prosecutors, and anything they were aware of is attributed to the government for purposes of *Franks*. It is troubling enough that the government's opposition to Mr. Combs's motion was itself intentionally and materially misleading.

    Thank you for your consideration.

Respectfully submitted,

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Alexandra Shapiro
Jason Driscoll
Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4881
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestevao@shertremonte.com