UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 24-cr-542 (AS) |
| v. | |
| SEAN COMBS, | |
| Defendant. | |

**DEFENDANT SEAN COMBS'S MOTION IN LIMINE TO PRECLUDE SUMMARY CHARTS EVIDENCE AND FOR TIMELY DISCLOSURE**

Mr. Combs moves *in limine* to preclude the government from offering into evidence at trial any demonstratives, summary exhibits, or other PowerPoint-like presentations that merely seek to organize or summarize the evidence for the jury. Any such exhibits would not constitute proper "summaries to prove content" under Federal Rule of Evidence 1006 and are inadmissible under Rules 107 and 403. Admitting such prejudicial exhibits at trial would allow the government to give the jury an argumentative preview of its closing arguments and equip the jury with presentations designed to commandeer deliberations. To the extent the government intends to use "illustrative aids" under Rule 107, or proper Rule 1006 materials, the Court should order reasonable advanced disclosure of these materials. For Rule 107 illustrations, disclosure should be least five days before their anticipated use at trial (except for demonstratives used during opening statements and closing arguments). And for Rule 1006 materials, such exhibits should be disclosed with the government's exhibit list on April 14, 2025.

## I. Rule 1006 Does Not Permit Demonstrative Summary Exhibits

The Rules Advisory Committee addressed this very issue in its 2024 amendments to the rules through amended Rule 1006 and new Rule 107. The amendments were designed "to correct misperceptions about the operation of … [R]ule [1006] by some courts," Fed. R. Evid. 1006 advisory committee's note to 2024 amendment, and to establish "new … standards for the use of illustrative aids," Fed. R. Evid. 107 advisory committee's note to 2024 amendment. Like the old rule, the new Rule 1006 permits courts to "admit as evidence a summary chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs." Fed. R. Evid. 1006(a). However, the new rule forecloses the admission of a "summary, chart, or calculation that functions *only as an illustrative aid*." Fed. R. Evid. 1006(c) (emphasis added). Such "illustrations," which are "offered solely to assist the trier of fact in understanding the evidence," are now subject to Rule 107. Fed. R. Evid. 1006 advisory

committee's note to 2024 amendment.  That rule imposes a Rule 403 balancing test on the use of any illustrative aids and makes clear that "[a]n illustrative aid is not evidence and must not be provided to the jury during deliberations."  Fed. R. Evid. 107(b).

As practitioners have observed, there is a "growing, and disturbing, trend taking place in federal criminal practice" by which the government essentially delivers summations throughout trial through summary witnesses and exhibits under the guise of Rule 1006.  *See* Paul Townsend, "Summary Witnesses and Due Process," N.Y.L.J. (Dec. 12, 2022).  This normally occurs through use of exhibits styled as PowerPoint presentations in which the government cherry-picks material from various sources and arranges the material in illustrative chronologies or charts accompanied by paralegal or case agent testimony.  The exhibits are "more akin to argument than evidence since [they] organize[] the jury's examination of testimony and documents already admitted in evidence."  *United States v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998).  Such "pedagogical devices" are not admissible evidence.  *United States v. Bradley*, 869 F.2d 121, 123 (2d Cir. 1989).

The amendments to Rule 1006 and new Rule 107 put a stop to this practice, and the Court should preclude the government from offering any such exhibits into evidence at trial.  In *United States v. Maxwell*, for example, the government sought to introduce summary testimony by an FBI Special Agent, with the intent that he "connect up several exhibits and review them in a way to make those exhibits clear to the jury."  20-CR-330 (AJN), ECF No. 757, at 1980 (Dec. 9, 2021).  The government proffered that the agent's testimony would "review [the exhibits] in a way to make those exhibits clear to the jury and publish them to show, for example, the continuity of certain phone numbers and names, where they change over time, where they are in the message books in order to make that clear for the jury."  *Id*.  Judge Nathan precluded this

testimony even under the old rule, rejecting the government's effort to inject what was essentially a "streamlined version of the [government's] closing argument" mid-trial. *Id.* at 1988; *id.* at 1984 ("You're providing essentially a closing argument or mini closing argument via a witness who has no personal involvement in the investigation and doing so, sounds like, with materials that don't require the type of 1006 summary."). Other courts have similarly cautioned against the use of summary exhibits designed merely to reiterate the government's interpretation of the evidence. *See United States v. Whitfield*, 590 F.3d 325, 364 (5th Cir. 2009) (cautioning against allowing parties to use Rule 1006 summaries to repeat their entire case to the jury); *United States v. Fullwood*, 342 F.3d 409, 414 (5th Cir. 2003) (criticizing "seemingly increased use of such [summary] witnesses by the Government").

## II. The Court Should Order Reasonable Advance Disclosure Of Any Demonstrative Exhibits

Rule 107 counsels in favor of "advance disclosure" of illustrative aids to prevent "[t]heir sudden appearance" at trial. Fed. R. Evid. 107, advisory committee's note to 2024 amendment. The government routinely waits until midnight before the day of relevant trial testimony to disclose its accompanying summary exhibits. More time is needed to competently assess the exhibits under Rule 107(a), which imposes a Rule 403 balancing test. The government should disclose any Rule 107 exhibits at least five days before their anticipated use at trial, with the exception of demonstratives used during opening statements and closing arguments.

To the extent the government intends to use proper Rule 1006 materials, these exhibits should be disclosed with the government's exhibit list on April 14, 2025, to ensure that the defense has sufficient time to check the voluminous records being summarized and ensure that the summaries are accurate.

Date: April 2, 2025
New York, NY

Respectfully Submitted,

<u>/s/ Alexandra A.E. Shapiro</u>
Alexandra A.E. Shapiro
Jason A. Driscoll
Shapiro Arato Bach LLP
1140 Ave of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4881
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestevao@shertremonte.com