

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 14, 2025

**REQUEST TO BE FILED UNDER SEAL**
**BY EMAIL**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government respectfully submits this letter in response to the defendant's sealed letter filed earlier today seeking materials in the possession of a victim-witness. Citing no law in support of his request, the defendant asks this Court to ignore the plain text of Federal Rule of Criminal Procedure 16 and direct the Government to obtain materials *not in its possession*, essentially as an arm of the defense team. There is no legal basis for this request, and the Court should reject it.

    Rule 16 provides that after a request from the defendant, "the government must permit the defendant to inspect and to copy" discovery material, including items that are "material to preparing the defense," only "if the item is within the government's possession, custody, or control." Fed. R. Crim. P. 16 (a)(1)(E). As the plain text of Rule 16 indicates, and the Second Circuit has confirmed, "[t]he government's discovery and disclosure obligations extend only to information and documents in the government's possession." *United States v. Brennerman*, 818 F. App'x 25, 29 (2d Cir. 2020); *see also id.* at 30 (rejecting argument that government was obligated "to collect materials about [a witness] that were not in the government's possession" and noting that defense could seek a Rule 17 subpoena for material documents in third party's possession). Likewise, *Brady v. Maryland*, 83 S. Ct. 1194 (1963) and its progeny require the Government only to disclose exculpatory material in its possession. *See United States v. Collins*, 409 F. Supp. 3d 228, 239 (S.D.N.Y. 2019) ("The Government's '*Brady* obligations extend only to materials within prosecutors' possession, custody or control or, in appropriate cases, that of the Department of Justice, perhaps another part of the Executive Branch, or a comparable state authority involved in the federal prosecution.'" (quoting *United States v. Blaszczak*, 308 F. Supp. 3d 736, 742 (S.D.N.Y. 2018)). Neither Rule 16 nor *Brady* "require the Government to seek out" information not in its possession "like a 'private investigator and valet . . . gathering evidence and delivering it to opposing counsel.'" *United States v. Thomas*, 981 F. Supp. 2d 229, 239 (S.D.N.Y. 2013) (quoting *United States v. Tadros*, 310 F.3d 999, 1005 (7th Cir. 2002).

Here, the defendant concedes that all of the materials he requests are not in the Government's possession and are all in the possession of a third party victim-witness. There is no law to support his request that the Government obtain and produce such documents not in its possession. Indeed, the request borders on frivolous given that it flies in the face of the text of Rule 16 and cites zero cases in support. By contrast, multiple cases, including those cited above, make clear that the Government has no obligation to obtain what it does not have at the whim of the defense. *See, e.g.*, *United States v. Hutcher*, 622 F.2d 1083, 1088 (2d Cir. 1980 ("Clearly the government cannot be required to produce that which it does not control and never possessed or inspected."); *United States v. Avenatti*, 559 F. Supp. 3d 274, 280 (S.D.N.Y. 2021) (rejecting defense request that the Government obtain additional messages from cellphone of third party witness, for which the Government obtained only limited consent to search).

The Court should likewise reject the defendant's request, for which he cites no authority.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:   /s
   Maurene Comey / Meredith Foster /
   Emily A. Johnson / Christy Slavik /
   Madison Reddick Smyser / Mitzi Steiner
   Assistant United States Attorneys
   (212) 637-2324/-2310/-2409/-1113/-2381/-2284