# AGNIFILO
# INTRATER

April 16, 2025

**VIA ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    We write to update Your Honor regarding a request for an adjournment of the trial currently scheduled for May 5, 2025. This Court ordered that if the defense was considering an adjournment, to make the application within 48 hours of our conference on Monday, April 14, 2025. 4/14/25 Tr. at 24. As we noted for the Court at the conference, counsel stated we may ask for a short, 2-week adjournment. *Id.* at 5. We have discussed, multiple times, the possibility of a 2-week adjournment with the government, which they oppose ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

    We spoke to the government today and have requested, instead, a 2-month adjournment. ▬▬▬▬▬▬▬ while also allowing Mr. Combs the necessary time to prepare his defense of the Third Superseding Indictment and resolve Victim-4's evidentiary issue. Though the government has argued to this Court that the Third Superseding Indictment is "encompassed by a previous charging instrument," there is actually substantially new conduct in the Third Superseding Indictment, about which we are continuing to receive new discovery (as recently as last night). 4/14/25 Tr. at 15. Much of this discovery, which has been produced on a rolling basis since April 4, 2025, was in the government's possession prior to the grand jury returning the Third Superseding Indictment.



    We note that the Court has broad "authority to grant such continuances" where the "Government seeks a superseding indictment which operates to prejudice a defendant." *United States v. Rohas-Contreras*, 474 U.S. 231, 236 (1985); *see also United States v. Gloss*, 2009 WL 161063, at *2-4 (S.D.N.Y. Jan. 21, 2009) (holding that the trial court has broad discretion where defense counsel needed time to investigate new allegations and discovery materials concerning additional acts).

Hon. Arun Subramanian
April 16, 2025
Page 2 of 2

      The government opposes our proposed reasonable adjournment request, even though it is still producing discovery, including discovery on Count Four—a 15-year mandatory minimum count—and has indicated, over our objection, that it will not produce the exhibits and witness list due today, or additional 3500 material, while this request is pending. Under these circumstances, with discovery seemingly incomplete on a 15-year mandatory minimum count, we cannot, in good conscience, go to trial on the scheduled date. This is a problem that the government has created, yet it opposes our reasonable request, ████████████████████████████████████████████████████

      Thank you for your consideration.

Respectfully submitted,

*[signature]*

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER LLP
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Alexandra Shapiro
Jason Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4881
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestevao@shertremonte.com

cc:   All counsel (via ECF)