

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 3, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *United States v. Combs*, S2 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government writes to join non-party ▇▇▇▇▇▇▇▇'s motion to quash the defendant's Rule 17(c) subpoena (the "Subpoena"). As detailed below, and for the reasons set forth in ▇▇▇▇▇▇'s motion, the Subpoena should be quashed as a plainly improper fishing expedition for inadmissible evidence and impeachment material.

    Federal Rule of Criminal Procedure 17(c) does not provide a means of trolling for additional discovery. Rule 17(c) is different from the civil rules that permit the issuance of subpoenas to seek production of documents or materials that, although themselves not admissible, may lead to admissible evidence. *See United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995); *see also United States v. Gross*, 24 F.R.D. 138, 141 (S.D.N.Y. 1959) (Rule 17(c) cannot be used "to obtain leads as to the existence of additional documentary evidence or to seek information relating to the defendant's case. This type of discovery, permissible under the Federal Rules of Civil Procedure, has not been authorized for criminal trials"); *accord United States v. Coriaty*, No. 99 Cr. 1251 (DAB), 2000 WL 1099920, at *7 (S.D.N.Y. 2000). Thus, "Rule 17(c) requires a showing that the materials sought are currently admissible in evidence; it cannot be used as a device to gain understanding or explanation." *United States v. Rich*, No. 83 Cr. 579 (SWK), 1984 WL 845, at *3 (S.D.N.Y. 1984); *see also United States v. Purin*, 486 F.2d 1363, 1368 (2d Cir. 1973); *United States v. Murray*, 297 F.2d 812, 821 (2d Cir. 1962).

    It is likewise well established that Rule 17(c) does not authorize the production of documents for the purposes of impeachment through pretrial subpoenas, like the one at issue here. *See United States v. Xu*, No. 23 Cr. 133 (JMF), 2024 WL 4504352, at *4 (S.D.N.Y. Oct. 16, 2024) (citing "decades of cases in this Circuit reiterating, and indeed strengthening" rule that obtaining impeachment material is not a proper use of Rule 17(c)).[1]

---

[1] A Rule 17(c) subpoena seeking documents returnable at trial—as opposed to prior to the commencement of trial—may properly seek impeachment material in some instances. *See United States v. Percoco*, No. 16 Cr. 776 (VEC), 2018 WL 9539131, at * 1 (S.D.N.Y. June 14, 2018) ("Unlike subpoenas that are returnable prior to trial, however, subpoenas for impeachment material

The Subpoena is plainly improper under Rule 17(c). The first request on its face seeks only inadmissible hearsay in the form of ▮▮▮▮▮▮'s draft memoirs, autobiographies, narratives, diaries, journals, notes, and communications—a wholly improper use of a Rule 17(c) subpoena.[2] *See Rich*, 1984 WL 845, at *3. The second request fares no better, as it seeks a broad swath of ▮▮▮▮▮▮'s sensitive personal financial information, ostensibly to cast doubt on ▮▮▮▮▮▮'s financial incentives. The requested information, which pertains only to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—could only be used for impeachment purposes and thus cannot be obtained through a pretrial subpoena. *See Xu*, 2024 WL 4504352, at *2, 4; *see also Cherry*, 876 F. Supp. at 553 ("Courts have consistently interpreted . . . Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment.").

For the reasons set forth above, the Government joins in ▮▮▮▮▮▮'s motion and respectfully requests that the Court quash the subpoena.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: __/s_____
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc: Counsel of record (by email)
Douglas H. Wigdor, Esq. (by email)

---

are returnable only if and when the witness who has made the statement takes the stand and testifies.") (internal alterations omitted).

[2] As detailed in ▮▮▮▮▮▮'s motion, the Government produced ▮▮▮▮▮▮'s witness statements and *Giglio* material in its possession to the defense on March 21, 2025, including material potentially responsive to the first category of the Subpoena.