UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

SEAN COMBS,
  a/k/a "Puff Daddy,"
  a/k/a "P. Diddy,"
  a/k/a "Diddy,"
  a/k/a "PD,"
  a/k/a "Love,"

            Defendant.

S3 24 Cr. 542 (AS)

# THE GOVERNMENT'S PROPOSED
# EXAMINATION OF PROSPECTIVE JURORS

JAY CLAYTON
United States Attorney for the
Southern District of New York
26 Federal Plaza
New York, New York 10278

Maurene Comey
Meredith Foster
Emily A. Johnson
Christy Slavik
Madison Reddick Smyser
Mitzi Steiner
Assistant United States Attorneys
*Of Counsel*

| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF NEW YORK | |

| UNITED STATES OF AMERICA | |
|---|---|
| -v.- | S3 24 Cr. 542 (AS) |
| SEAN COMBS, | |
| Defendant. | |

**THE GOVERNMENT'S PROPOSED
EXAMINATION OF PROSPECTIVE JURORS**

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant. In addition, the Government respectfully asks that the Court conduct similar detailed questioning regarding any questionnaire answers that warrant further inquiry.

The Government also respectfully requests that the Court give its standard preliminary instructions to the panel of prospective jurors.

**A.** **<u>The Charges</u>**

This is a criminal case. To help you understand the reason for the questions I'll be asking you, I want to tell you briefly about the charges. The defendant, Sean Combs, a/k/a "Puff Daddy," a/k/a "P. Diddy," a/k/a "Diddy," a/k/a "PD," a/k/a "Love," has been charged with the commission of certain federal crimes in a document called an Indictment filed by a grand jury sitting in this District. The Indictment is not evidence itself. It simply contains the charges that the Government

is required to prove beyond a reasonable doubt. I will briefly summarize the charges in this case in order to give you a legal framework as you listen to the evidence for what you will ultimately be asked to do at the end of the trial. The Indictment contains five counts or charges:

Count One charges that, from at least in or about 2004 through in or about 2024, the defendant participated in a racketeering conspiracy during which he agreed with other employees and associates of his businesses to commit kidnapping, arson, bribery of a witness, obstruction of justice, drug distribution, forced labor, sex trafficking, and transportation for purposes of engaging in prostitution.

Count Two charges the defendant with sex trafficking an adult female victim through force, fraud, and coercion between in or about 2009 and in or about 2018.

Count Three charges the defendant with transporting that female victim and male commercial sex workers to engage in prostitution between in or about 2009 and in or about 2018.

Count Four charges the defendant with sex trafficking a second adult female victim through force, fraud, and coercion between in or about 2021 and in or about 2024.

Count Five charges the defendant with transporting that second female victim and male commercial sex workers to engage in prostitution between in or about 2021 and in or about 2024.

  **B.** **General Ability to Serve**

  1. Would you have any difficulty following my instructions with respect to the fundamental principles I have just outlined?

  2. Do you have any personal knowledge of the charges in the Indictment as I have just described them beyond what you have already noted in your questionnaire?

  3. It is not a particularly pleasant duty to find another individual guilty of committing a crime. If the evidence established a defendant's guilt beyond a reasonable doubt, would you be

3

unable to render a guilty verdict for reasons unrelated to the law and the evidence? And if the evidence failed to establish a defendant's guilt beyond a reasonable doubt, would you be unable to render a not guilty verdict for reasons unrelated to the law and the evidence?

4. Is there any reason you could not view and decide fairly and impartially a case involving the charges as I have described it that you have not already noted in your questionnaire?

    **C.**    **Knowledge of the Trial Participants**

5. As noted in your questionnaire, the defendant, Sean Combs, is represented by Marc Agnifilo, Teny Geragos, Anna Estevao, Alexandra Shapiro, Jason Driscoll, and Brian Steel [They will be assisted by [*list here*]]. [*Please ask them to stand.*] Seeing them here today, do you know any of these individuals?

6. Similarly, as noted in your questionnaire, the prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Jay Clayton. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Maurene Comey, Meredith Foster, Emily Johnson, Christy Slavik, Madison Smyser, and Mitzi Steiner. They will be assisted by HSI Special Agent Sean Quinn, HSI Special Agent Kiera Murphy, and HSI Task Force Officer Phil Adaszewski, as well as Shannon Becker, Lucy Gavin, and Chanel Foster, paralegal specialists in the U.S. Attorney's Office. [*Please ask them to stand*]. Seeing them here today, do you know any of those individuals?

7. Are you familiar with anyone else present in the courtroom, including all court personnel or myself? Did you recognize any of your fellow jurors in the jury assembly room?

8. I will now hand you a list of names of individuals who may be mentioned during the trial, or who may be witnesses in this case. Please read this list to yourself, and please do not say any of the names out loud:

> [*Numbered list of names to be supplied, including true names of victims testifying under pseudonym*]

Please answer the following questions referring only to the number next to the relevant name without saying any name out loud. Do any of you know any of the people on that list personally? Have you had any dealings, directly or indirectly, with any of these individuals? To your knowledge, have any of your relatives, friends, or associates had any dealings with any of these individuals?

**D.** **Knowledge of Locations**

9. Do you have any familiarity with any of the following places that may be mentioned during the course of the trial?

    a. (*The Government will submit a list of places in advance of trial.*)

**E.** **Relationship With and Views Regarding Government and Defense**

10. Have you ever studied or practiced law or worked in any capacity for a law office?

11. Have you or has a relative or close friend worked for or with any federal, state, or local law enforcement agency, such as the United States Attorney's Office for the Southern District of New York or the Department of Homeland Security Homeland Security Investigations ("HSI"), or the New York City Police Department ("NYPD") in any capacity, including as a contractor?

12. Have you or has a relative or close friend done work for or been associated with a criminal defense lawyer or private investigator?

13. Have you ever been involved, or do you expect to become involved, in any legal action or dispute with the United States or any agency, officer, or employee of the United States?

14. Do you have any views about the United States Attorney's Office for the Southern District of New York, HSI, the NYPD, or any other law enforcement agency that would interfere with your ability to be fair and impartial?

15. Do you have any views about criminal defense attorneys that would interfere with your ability to be fair and impartial?

   E. **Experience With and Opinions of Legal Proceedings and Relevant Topics**

16. Have you, or has any relative or close friend, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant? If so, what kind of case? If so, what was your role in that case? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

17. Have you or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a congressional or state legislative committee, licensing authority, or governmental agency, or been questioned in any matter by any federal, state, or local law enforcement agency? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

18. Have you, or has any relative or close friend, ever been subpoenaed for any inquiry or investigation? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

19. Have you, or has any relative or close friend, ever been the subject of any investigation or accusation by any grand jury, state or federal, or any other investigation? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

20. Have you, or any of your relatives or close friends, ever been a victim of a crime? If yes, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action. Is there anything about that experience that could affect your ability to be fair and impartial in this case?

21. You may hear evidence in this case relating to acts of violence, including intimate partner violence and other assaults. Do you have any feelings, beliefs, or experiences relating to that aspect of the case that could affect your ability to be fair and impartial in this case?

22. You may hear evidence in this case relating to sexual assault, including rape. Do you have any feelings, beliefs, or experiences relating to that aspect of the case that could affect your ability to be fair and impartial in this case?

23. You may hear evidence in this case relating to the payment of commercial sex workers in exchange for sex. Do you have any feelings, beliefs, or experiences relating to prostitution and the enforcement of laws around prostitution that could affect your ability to be fair and impartial in this case?

24. [*The Government notes that this question may be omitted depending on the outcome of pending motion practice:*] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

25. You may hear evidence relating to firearms. Do you have any feelings, beliefs, or experiences about guns and the enforcement of gun laws that could affect your ability to be fair and impartial in this case?

26. You may hear evidence relating to the distribution and use of illegal drugs. Do you have any feelings, beliefs, or experiences relating to illegal drugs, the enforcement of drug laws, drug use, or drug addiction that could affect your ability to be fair and impartial in this case?

27. You may hear testimony from law enforcement officers and other law enforcement personnel. Would you have any difficulty assessing the credibility of a law enforcement witness just like you would any other witness?

28. You may hear testimony from witnesses who are alleged victims of sexual assault, sexual abuse, and/or sex trafficking. Would you have any difficulty assessing the credibility of such a witness just like you would any other witness?

29. You may hear testimony in this case that law enforcement officers recovered certain evidence during searches, including electronic devices such as phones. You may also hear testimony that law enforcement officers later searched the electronic devices and recovered evidence from them. Similarly, you may hear testimony in this case that law enforcement officers recovered certain evidence from cellular telephone records and iCloud accounts. These searches were perfectly legal. Do you have any feelings, beliefs, or experiences regarding such searches by law enforcement that would influence your ability to evaluate this testimony fairly and impartially?

30. You also may hear testimony in this case from expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would affect your ability to be fair and impartial in this case?

31. You may hear testimony in this case from witnesses testifying under a grant of immunity, that is, witnesses whose testimony cannot be used against them in any future prosecution. The use of immunized witnesses is lawful and permitted. Do you have any feelings,

beliefs, or experiences regarding the Government's use of immunized witnesses that would influence your ability to evaluate this testimony fairly and impartially?

32. Certain witnesses maybe referred to in open court by a pseudonym – that is, under different names – to protect their privacy. The full names of the witnesses are known to the Government, the defense, the Court, and they will be known to the jury. Would you be more likely to believe a witness merely because she testified under a different name? Would you be less likely to believe a witness merely because she testified under a different name?

33. Do you have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

34. Would you be unable to follow my instructions that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?

35. You may hear evidence that other individuals, in addition to the defendant, were involved in the alleged crimes. Those other individuals are not on trial here, and you may not draw any inference, favorable or unfavorable towards the Government or the defendant, from that fact. You may also not speculate as to the reason why other persons are not on trial in this case. Do you have any concern that you could not follow this instruction?

### F. Questionnaire Answers Warranting Additional Inquiry

36. [*The Government respectfully asks that the Court inquire with appropriate follow-up questions about any answers a prospective juror provided in the questionnaire that required additional explanation.*]

### G. Summary Question

37. In these questions and the questionnaire, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror in this case. Apart

from any prior question, do you have the slightest doubt in your mind, for any reason whatsoever, that you would be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice, and according to the law as I will explain it to you?

**H.  Juror's Background**

38.  The Government respectfully requests that the Court ask each juror to state the following information:

a. the juror's age;

b. the area in which the juror resides, and with whom the juror resides;

c. where the juror was born;

d. the juror's educational background, including the highest degree obtained;

e. whether the juror has served in the military, and if so in what capacity and for what duration;

f. the juror's occupation;

g. the name and location of the juror's employer, and the period of employment with that employer;

h. the same information with respect to the juror's spouse and any working children;

i. where the juror gets his or her news, including what newspapers and magazines the juror reads and how often;

j. what television programs the juror regularly watches;

k. whether the juror watches "Law and Order," "CSI," or other police dramas; and

l. the juror's hobbies, and leisure-time activities and organizations.

**I.  Requested Instruction Following Impaneling of the Jury**

39.  From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be

discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.

40. If at any time during the course of the trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So, if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

41. [Slightly modifying the suggested instruction from the court of appeals in *United States v. Ganias*, 755 F.3d 125, 132-33 (2d Cir. 2014), *vacated on other grounds*, 824 F.3d 199 (2d Cir. 2016) (en banc)]: I know that many of you use cell phones, the internet, social media, and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, iPhone, Samsung, text messaging, e-mail, social media websites or applications (including Facebook, Instagram, X, TikTok, LinkedIn, YouTube), blogs, websites, internet chat rooms, or by other means.

Dated:  New York, New York
        April 25, 2025

                                    Respectfully submitted,

                                    JAY CLAYTON
                                    United States Attorney
                                    Southern District of New York

                            By:     /s/
                                    Maurene Comey / Meredith Foster /
                                    Emily A. Johnson / Christy Slavik /
                                    Madison Reddick Smyser / Mitzi Steiner
                                    Assistant United States Attorneys
                                    (212) 637-2324/-2310/-2409/-1113/-2381/-2284