

Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

April 23, 2025

**VIA EMAIL**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

  Mr. Combs writes to object to the government's latest—and much belated—enterprise letter, which was sent to the defense at 11:15 PM on Sunday April 20, more than two weeks after the grand jury returned the third superseding indictment. *See* Exhibit A.

  Prosecutors in this district provide enterprise letters in RICO cases to provide notice and thus to enable defendants to prepare for trials. Indeed, prosecutors often file somewhat bare bones RICO indictments—and then rely on the enterprise letters to fill in key details not specified in the indictment. But for that notice-giving function to have any practical value, the letters must be provided to the defense reasonably in advance of trial. Recognizing that necessity, this Court's pretrial scheduling order required the government to file its enterprise letter by February 1.

  The government has utterly failed to comply with that order. It has repeatedly filed "supplemental" letters adding new evidence and new theories. At last week's pretrial hearing, this Court noted that the government's proposed Rule 413/404(b) evidence was not identified until March 26, "long after the February 1 deadline for the government's enterprise letter." 4/18/25 Tr.8. "The Court is sensitive to the defense's concern with so little time before trial adding additional alleged victim[s], especially where the underlying allegations are substantially different from what is specifically allege[d] in the indictment and has been the focus of this case is potentially prejudicial." *Id.* It thus excluded much of the government's proffered evidence, in part due to late and insufficient disclosure.

  The government responded by filing another enterprise letter with more new evidence and new legal theories. The letter was filed late at night on April 20—78 days after this Court's deadline, and only 15 days before the start of trial and the testimony of ▇▇▇ commences. It includes a mountain of new allegations. Among other allegations, with respect to ▇▇▇ alone,

Page 2

Hon. Arun Subramanian
April 23, 2025

It is impossible for the defense to investigate and respond to those new allegations in the next two weeks. As the Court is aware,  It is undisputed—indeed, the government has explicitly conceded—that many of those were consensual. Thus, in preparing for trial, the defense has focused its investigatory efforts on the alleged incidents that the government has alleged were coerced. (d) conferring with Mr. Combs about the alleged incident; (e) determining what other participants and witnesses—including but not limited to escorts—may have been present at the alleged incident; (f) interviewing potential witnesses—which often involves extensive negotiations with witnesses' counsel and cross-country travel.

The defense has worked diligently to do all the above, for all previously disclosed incidents that are the subject of the charges, within the tight timeframe of this trial schedule. The defense cannot possibly investigate ▮▮▮▮, and prepare to defend these allegations, within the next two weeks.[1]

And the additional allegations with respect to ▮▮▮ constitute only part of the supplemental enterprise letter. The government's new allegations span two pages, covering multiple victims and numerous additional incidents and criminal allegations. And—of course—the government also asserts that its "investigation remains ongoing" and it may yet still add additional allegations. What is the purpose of disclosure deadlines if the government is free to ignore them and continue to make new allegations up to the eve of trial?

Nor has the government provided any justification for its 78-day-late disclosure. To the contrary, the 3500 material and other discovery material makes clear that the government has had access to the relevant witnesses, and related documentary and video evidence, for many months. In short, if the government wanted to include these allegations as part of its case, it could have and should have included them in its February 1 letter.

Thus, Mr. Combs requests that this Court exclude evidence relating to the new allegations contained in the April 22 letter—just as it previously excluded evidence related to many belatedly-noticed allegations in the March 26 letter. This Court has both inherent authority and rules-based authority to exclude evidence whose disclosure fails to comply with a court order. *See* Fed. R. Crim. P. 16(d)(2). It also has authority to exclude the evidence under Rule 403. While Rule 403 does not "enumerate surprise as a ground for exclusion," the drafters nonetheless recognized that unfair surprise can create a "danger of prejudice and confusion of issues." Fed. R. Evid. 403, advisory committee's note (quoting *McCormick on Evidence*). In short, it is unfairly prejudicial and misleading for the jury to receive a one-sided presentation because the defense has no opportunity to investigate and respond. In the alternative, if this Court does not exclude the

---

[1] ▮▮▮▮▮▮ The government did not produce the Rule 16 and Giglio materials on ▮ devices to defense counsel until its discovery deadline of December 31, 2024.

Hon. Arun Subramanian
April 23, 2025

evidence, Mr. Combs again requests a continuance so that he can have sufficient time to meet these new allegations.

Additionally, and perhaps even more troublingly, the new allegations in the April 20 enterprise letter make clear that the government is planning to go to trial on theories of guilt that were never presented to the grand jury. The Grand Jury Clause of the Fifth Amendment requires that federal felonies be initiated by a grand jury—and thus that a criminal case may only proceed to trial on charges for which the grand jury found probable cause. "[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215-16 (1960). And when it comes to RICO offenses, "[o]nce the government charges a particular pattern of racketeering, … its choice has consequences." *United States v. Basciano*, 599 F.3d 184, 203 (2d Cir. 2010). Because the pattern is an essential element of the offense, "[o]nce a grand jury has charged a pattern of racketeering … only the grand jury, not the court, may decide whether an individual defendant should be charged with a *different* pattern …." *Id.* at 206 (citing *Stirone*).

The government's April 20 enterprise letter alleges not simply new incidents but entirely new legal theories of guilt. The government now alleges, for example, ▌ In other words, while the government had previously raised forced labor allegations only as to Victim-4 in the *second* superseding indictment, the government now seeks to raise forced labor allegations ▌ There is no reason to believe these allegations were ever presented to, and thus approved by, the grand jury. To the contrary, the government's extremely late disclosure of these new theories suggests a last-minute attempt to alter and broaden its case. But as *Stirone* and *Basciano* make clear, such broadening is only allowed if approved by the grand jury.

Presenting these new theories of guilt to the jury would constitute an impermissible constructive amendment of the indictment. Consequently, the government's evidence going to these new theories should be barred, and the jury instructions should make clear that the jury cannot convict on this basis.

Respectfully submitted,

/s/Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Page 4

Hon. Arun Subramanian
April 23, 2025

        Marc Agnifilo
        Teny Geragos
        AGNIFILO INTRATER
        445 Park Ave., 7th Fl.
        New York, NY 10022
        646-205-4350
        marc@agilawgroup.com
        teny@agilawgroup.com

        Anna Estevao
        SHER TREMONTE LLP
        90 Broad St., 23rd Fl.
        New York, NY 10004
        (212) 202-2600
        aestevao@shertremonte.com