**SHER TREMONTE LLP**

April 28, 2025

**BY ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

      We write pursuant to Local Rule 23.1(h) and the Fifth and Sixth Amendments for an order prohibiting extrajudicial statements from anticipated witnesses' lawyers until the conclusion of trial. In light of the unprecedented amount of publicity and recent prejudicial statements by counsel for government witnesses, an order prohibiting such statements for the limited duration of the criminal trial is narrowly tailored to protect Mr. Combs' constitutional rights without unduly infringing on anyone's First Amendment rights.

      As the Court is aware, Mr. Combs previously moved for a gag order on prospective witnesses and their counsel to mitigate the onslaught of negative publicity permeating the jury pool, and the Court indicated its "open[ness] to other tailored proposals that will help ensure a fair trial." ECF 63 at 4. Since then, witnesses and their counsel have continued to make numerous statements to the media, including by previewing their trial testimony in widely-distributed documentaries and commenting on the criminal proceedings to media outlets. Absent a Court order, we expect the publicity to not only continue, but escalate as trial commences. Indeed, in recent weeks, lawyers for government witnesses have commented on pretrial litigation and continued to broadcast prejudicial statements.

      For example, on March 13, 2025, Douglas Wigdor, counsel for alleged Victim 1, made press statements in response to certain of Mr. Combs' legal arguments, telling media outlets: "It's not surprising Diddy would make a disingenuous argument to exclude the disturbing video from being shown to the jury in the upcoming trial." *Cassie's Lawyer Calls Diddy's Claim the Beating Tape Was Doctored BS* (Mar. 13, 2025) https://www.tmz.com/2025/03/13/cassie-lawyer-douglas-wigdor-slams-diddy-claim-cnn-beating-tape-altered/. He also told the media that "Combs will be held accountable for his depravity." *After CNN is Accused of Altering Diddy Assault Video, Cassie's Attorney Responds* (Mar. 14, 2025) https://www.blackenterprise.com/cassie-attorney-responds-altered-video/. These statements were widely distributed across numerous outlets and social media. As an attorney representing the government's star witness, Mr. Wigdor's comments are unfairly damaging, as they give the misimpression to the public and potential

jurors that his opinion carries authoritative weight rather than simple one-sided advocacy for his self-interested client.

Mr. Combs also recently learned that Lisa Bloom, counsel for another government witness, has been interviewed for yet another documentary that is scheduled to air on the BBC this evening. Ms. Bloom has previously made numerous sensationalist accusations and was interviewed in connection with the Peacock documentary, "The Fall of Diddy." *See, e.g.*, https://www.youtube.com/watch?v=2VWc0K_igoU (speculating that the accusations are "only the tip of the iceberg," with "hundreds" of other people with similar allegations); https://www.youtube.com/watch?v=siZ-1nyoU1E (speculating that "you can only imagine what he did behind closed doors," commenting on the credibility of Mr. Combs and her client, and comparing Mr. Combs to Jeffrey Epstein). Counsel for Mr. Combs previously sent Ms. Bloom a cease and desist letter, and have repeatedly reminded her of her ethical obligations and Local Rule 23.1.

As the Court is aware, Rule 23.1(h) provides that the Court "may issue a special order governing matters such as extrajudicial statements by parties and witnesses likely to interfere with the rights of the accused to a fair trial by an impartial jury," and that, "[i]n determining whether to impose such a special order, the court must consider whether the order will be necessary to ensure an impartial jury and must find that other, less extreme available remedies, singly or collectively, are not feasible or would not effectively mitigate the pretrial publicity and bring about a fair trial." Available alternative remedies include "change of venue, postponing the trial, a searching voir dire, emphatic jury instructions, and sequestration of jurors."

Now that the trial witnesses have been identified and trial is imminent, a narrow order restricting the statements of counsel for anticipated witnesses for the duration of trial appropriately balances the constitutional interests at stake. And there is no other remedy that could effectively mitigate the pretrial publicity. For instance, change of venue would do nothing to cure the amount of global press attention. And the other potential alternative remedies suggested in Rule 23.1 – a searching voir dire, emphatic jury instructions, and sequestration of jurors – can only go so far to mitigate such prejudicial statements. Indeed, if such remedies were sufficient, there would be little reason to restrict extrajudicial statements in the first place.

For the reasons stated herein and in Mr. Combs' earlier application, ECF Nos. 42, 59, the Court should prevent further prejudice to his right to a fair trial and direct counsel for all witnesses on the government's witness list, as well as those otherwise working at their direction, to refrain from making public statements for the duration of trial and until a verdict is entered.

Respectfully submitted,

Hon. Subramanian
April 28, 2025
Page **3** of **3**

                              Marc Agnifilo
                              Teny Geragos
                              AGNIFILO INTRATER
                              445 Park Ave., 7th Fl.
                              New York, NY 10022
                              646-205-4350
                              marc@agilawgroup.com
                              teny@agilawgroup.com

                              Alexandra A.E. Shapiro
                              Jason A. Driscoll
                              SHAPIRO ARATO BACH LLP
                              1140 Ave. of the Americas, 17th Fl.
                              New York, NY 10036
                              (212) 257-4880
                              ashapiro@shapiroarato.com
                              jdriscoll@shapiroarato.com

                              /s/ Anna Estevao
                              Anna Estevao
                              SHER TREMONTE LLP
                              90 Broad Street, 23rd Fl.
                              New York, NY 10004
                              (212) 202-2600
                              aestevao@shertremonte.com