

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 16, 2025

**BY EMAIL AND ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government respectfully submits this letter requesting that the Court exercise its discretion to limit the defendant's cross examination of Ms. Ventura, if necessary, to ensure that her examination concludes by the end of the trial day today, May 16, 2025. This exercise of discretion falls comfortably within the broad authority of the District Court to manage trials. The defense has had ample time to prepare for cross-examination of this witness, and this request will allow the defense to cross-examine Ms. Ventura for almost two full trial days, multiple hours longer than her direct examination lasted. The Court should exercise its broad discretion to end cross-examination no later than 4:30 p.m. tomorrow afternoon. The Government conferred with defense counsel before filing this letter, and although they indicated that their goal is to conclude their cross-examination before the end of the trial day, they cannot provide assurances that they will do so.

    It is well established that "[t]he scope and extent of cross-examination are generally within the sound discretion of the trial court, and the decision to restrict cross-examination will not be reversed absent an abuse of discretion." *United States v. Rosa*, 11 F.3d 315, 335 (2d Cir. 1993). In exercising its discretion, a district court should consider the need to "ascertain[ the] truth," "avoid needless consumption of time," and "protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a); *see also Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (explaining that the district court has "wide latitude . . . to impose reasonable limits on cross-examination based on concerns about, among other things, . . . interrogation that is repetitive or only marginally relevant"). A good faith basis for proposed questions on cross-examination is relevant to the Court's determination, *United States v. Whitten*, 610 F.3d 168, 183 (2d Cir. 2010), and the Court may preclude questions for which the defense cannot show a good faith basis, *United States v. Concepcion,* 983 F.2d 369, 391 (2d Cir. 1992).

    Here, the defense has had communications from Ms. Ventura's devices (in addition to all other discovery) for at least five months, and has had her Jencks Act material for almost two months. The defense has known, and indeed noted repeatedly on the record, from this case's

inception that Ms. Ventura would be a central witness at this trial. There is thus every reason to believe that the defense has been preparing this cross-examination for months and has had more than enough time to do so with the benefit of her communications and Jencks material. The defense has also been on notice for weeks that this witness needed to complete her testimony by the end of this week as a result of her pregnancy, and never raised any concerns with that timing until today.

As the Court is aware, Ms. Ventura's direct examination concluded before the end of the trial day on May 14, 2025, at which point the defense represented to the Court that cross-examination would be complete on Friday, May 16. (*See* May 14, 2025 Tr. 834-35 (estimating that cross-examination and re-direct would be complete by the end of the day on Friday)). The defense also requested to end the trial day early instead of beginning cross-examination, and the Court granted that application over the Government's strenuous objection,[1] based on the representation that Ms. Ventura's cross-examination would conclude before the weekend. (*Id.* at 831-35). That very same night, however, the defense produced, for the first time, over 400 exhibits to the Government for potential introduction through Ms. Ventura, despite the Government's repeated requests that any such exhibits be produced as far in advance as possible. That late production appeared to be a strategic choice by the defense that delayed the Government's ability to lodge objections and predictably and significantly delayed the proceedings during the first day of cross-examination yesterday. The defendant should not now be afforded the opportunity to hold Ms. Ventura on cross-examination over the weekend, offering him an additional two days to review transcripts of the witness's testimony to prepare additional cross-examination inquiry, or risk a mistrial if the witness goes into labor.

The inefficiency of cross-examination yesterday raises the inference that the defendant hopes to accomplish precisely that outcome. During the first day of cross-examination, which lasted the entire trial day, defense counsel cross-examined Ms. Ventura in a highly inefficient manner, including by, *inter alia*, (1) asking questions that appeared to be solely related to the numerous civil lawsuits against the defendant and not related to allegations in this case;[2] (2) re-treading multiple subjects; and (3) asking Ms. Ventura to read long text message chains, some dozens of pages long and others already in evidence, before asking few if any substantive questions about the exhibits. Then, for the first time, the defense informed the Court that cross-examination may continue through Monday, May 19. The Court should simply not permit that. Given the ample time the defense has had to prepare for this cross-examination, the inefficiency of today's proceedings appears to have been a filibuster. Even when the witness was not required to sit silently and read multi-page exhibits on the stand, cross-examination consisted largely of reading exhibits into the record with little substantive questioning or inquiry of the witness. As the Court noted before the lunch break, there are numerous other ways for counsel to efficiently examine this witness on the topics relevant to the defense without wasting the jury and the witness's time.

---

[1] Indeed, the Government objected precisely because it wanted to avoid keeping this witness on the stand past Friday.

[2] For example, the defense asked Ms. Ventura about whether the baby oil used during Freak Offs contained illegal substances—a claim not made as any part of this criminal case but alleged in civil lawsuits filed against the defendant. (May 15, 2025 Tr. 1090).

There is ample time for the defense to complete a highly effective cross-examination by the end of the week, totaling two full days. Limiting additional cross-examination of Ms. Ventura to today falls well within the reasonable limits permitted under Rule 611 and *Rosa*. In particular, the requested limitation is proper here to protect Ms. Ventura from undue harassment (especially given her pregnancy) and embarrassment (for example, when defense counsel insists on displaying and reading cumulative sexually explicit messages while the witness is on the stand). *See* Fed. R. Evid. 611(a); *Van Arsdall*, 475 U.S. at 679. That is especially so where cross-examination has already included broad, wide-ranging questioning and the admission and discussion of lengthy, marginally relevant text message exchanges between Ms. Ventura and the defendant.

Nor would a restriction of the length of cross-examination of this witness run afoul of any constitutional right of the defendant. While the Confrontation Clause guarantees the defendant the right to cross-examine Ms. Ventura, *United States v. Figueroa*, 548 F.3d 222, 227 (2d Cir. 2008), the Court may nonetheless "impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is . . . only marginally relevant," *id.* at 227. The defense has not articulated a good faith basis to assert that additional cross-examination of Ms. Ventura after the weekend is necessary. The defense has only offered vague and generalized characterizations of cross examinations sometimes lasting longer than expected. (May 15, 2025 Tr. 999). Given that the defense cannot articulate a good faith reason for extensive additional cross examination, and in light of the length of direct examination and the topics already covered by the defense on during a full day of cross-examination, the Court is well within its discretion to limit cross examination. Moreover, the Court should give significant weight to the Government's repeatedly articulated concerns regarding Ms. Ventura's health and safety, which were forecast and discussed extensively months in advance of this trial.

Cross-examination that lasts multiple hours longer than direct examination is more than enough to vindicate the defendant's confrontation rights and satisfy any relevant defense strategy. No more is required, and any more risks harassing the witness at best and a mistrial at worst. In short, there is ample reason to limit the length of Ms. Ventura's cross-examination and the Court should do so here.

                   Respectfully submitted,

                   JAY CLAYTON
                   United States Attorney

        By:  /s
            Maurene Comey / Meredith Foster /
            Emily A. Johnson / Christy Slavik /
            Madison Reddick Smyser / Mitzi Steiner
            Assistant United States Attorneys
            (212) 637-2324/-2310/-2409/-1113/-2381/-2284