

Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

May 12, 2025

**VIA EMAIL**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

The Court should deny Clayton Howard's motion to quash and order compliance with Mr. Combs's Rule 17 trial subpoena calling for production of what Howard called a ▇▇▇ of his memories about events at issue in this criminal case.

*First*, Howard is unable to meet his burden of establishing that the responsive materials are protected by any privilege. Tyrone Blackburn, Howard's current counsel and the author of the motion's accompanying affidavit, simply lacks the knowledge necessary to make many of the claims he makes in the motion. Those claims are squarely refuted by evidence demonstrating that—whatever the origin of the materials—their contents have been shared with prosecutors and other third parties, and Mr. Howard apparently is contemplating publication of the materials. Blackburn also overlooks that Howard has said he has no plans to pursue litigation or keep the materials confidential. And Blackburn ignores that Howard ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—proffers Blackburn did not attend— and waived any privilege that may have existed at an earlier point in time. During those meetings, Howard ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ What is more, both Howard and Blackburn have ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Thus, even if the materials were once privileged, any privilege has been waived multiple times over.

*Second*, Blackburn's alternative argument that *Nixon* bars the subpoena is frivolous. The *Nixon* requirements do not even apply to the subpoena, which calls for production on May 12, the day trial is set to commence. And the subpoena is quite specific and seeks only very limited materials and is thus in no way "unreasonable and oppressive." Fed. R. Crim. P. 17(c).

I.    **The Materials Are Not Protected By Any Privilege**

The subpoena, which the Court so-ordered, calls for production of "written materials and notes" Clayton Howard has "created concerning [his] memories of events relevant to" this case, including "the portions of the written journal [he] has been maintaining that document those

Page 2

Hon. Arun Subramanian
May 12, 2025

memories." Exhibit A. Although Howard's current attorney—Tyrone Blackburn—argues that the subpoenaed materials are protected by the attorney client and work product privileges, it is unclear whether the materials were ever privileged. But even if they were initially created "as a confidential outline" for purposes of "potential civil claims" as Blackburn asserts, Blackburn Aff. ¶2, they have long since lost any privileged status, because Howard has described the document as a ███████ that he ███████████████████████████████████████, many of which Blackburn did not even attend.

As the subpoena application explained, 3500 material ████████████████████████████████████████████████████████████████████████████████ Howard thus ████████████████████████████████████ Id. Blackburn accuses the undersigned of "inaccurately characteriz[ing]" the document as a "journal," Mot.3, but that is how Howard ████████████████.[1]

Regarding this "journal," Howard recently represented to the government that ████████████████████████████████████████████████████ Id. Blackburn has similarly stated ████████████████████████████████████████████████████████████████████████ The materials are not being kept "in anticipation of potential civil litigation," as the Motion claims. Mot.3. Nor are they being kept "to facilitate legal advice, litigation strategy, and analysis of potential claims." Id.

Howard's characterization of the materials should end the matter, and the Court need not credit Blackburn's conclusory assertions to the contrary. Courts in this district have been clear: when a party invokes a privilege to defeat a subpoena, it "bears the burden of establishing that privilege—a burden not discharged by mere conclusory or *ipse dixit* assertions." *United States v. Yudong Zhu*, 2014 WL 5366107, at *3 (S.D.N.Y. Oct. 14, 2014) (cleaned up); *United States v. Stein*, 488 F. Supp. 2d 350, 367-68 (S.D.N.Y. 2007). Here, counsel fails to satisfy that burden, as his description of the materials conflicts with his client's own understanding and what he has told the government. Whatever their original intended purpose, in their current form the materials at issue are neither privileged nor protected by the work product doctrine. Howard has abandoned any potential plan for litigation and has not kept the information confidential—to the contrary, he has announced ███████████████████████████████████████████████.[2]

---

[1] It is somewhat unclear whether what Blackburn describes as the "Howard Outline" is the same document Howard described to the prosecutors. If the Court denies the motion and orders compliance with the subpoena, Blackburn should be instructed to produce all responsive materials in Howard's possession, including any notes Howard has not already shared with Blackburn.

[2] To the extent the Court is considering granting the motion, it should order an affidavit from Howard himself clarifying the status of the ██████ and Howard's plans regarding the materials.

Page 3

Hon. Arun Subramanian
May 12, 2025

Even if the materials were ever privileged, Howard has waived any privilege by disclosing to the government and others the ███████████████████████████████████.[3] Blackburn's affidavit to the contrary is contradicted by information in the 3500 material disclosed by the government. For example, Blackburn represents that the subpoenaed materials "remained strictly confidential" and that "[a]t no point has Mr. Howard waived the attorney-client privilege or the attorney work-product protections applicable to the [materials]." Blackburn Aff. ¶¶4, 8.[4] But Blackburn cannot make that claim, because until recently ██████████ ██████████████████████████████████████████████████████████████████.

Contrary to Blackburn's representations concerning confidentiality, the 3500 makes clear that Howard disclosed to the government and others the background concerning ████████████ ███████████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████. Accordingly, to the extent Howard ever had any valid privilege as to the subpoenaed materials, he "waived the privilege when he discussed these [materials] with the government," *United States v. Carollo*, 2012 WL 1195194, at *3 (S.D.N.Y. Apr. 9, 2012), because "voluntary disclosure … waives the privilege as to other parties," *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993). *See also In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987) (discussing when "[a] client may … by his actions impliedly waive the privilege or consent to disclosure."); *United States v. Ghavami*, 882 F. Supp. 2d 532, 54-43 (S.D.N.Y. 2012).

Howard has ████████████████████████████████████████████████████████████ ████████████████ The 3500 reveals that ███████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████

---

[3] In addition to demonstrating any privilege, Howard also bears the burden of demonstrating the absence of any waiver. *In re Horowitz*, 482 F.2d 72, 82 (2d Cir. 1973).

[4] He further claims "[d]isclosure of this document would severely prejudice Mr. Howard's legal position and irreparably compromise our confidential strategic preparations." Blackburn Aff. ¶8. But again, Blackburn has already concluded ████████████████████████████████████████████████████████████████████████████

Page 4

Hon. Arun Subramanian
May 12, 2025

It is understandable that Blackburn remains in the dark to all of this, because he simply was not present.

Blackburn has also shared the information with third parties. Indeed, in one conversation  Blackburn himself then disclosed to the government And further undermining the claims in the motion, the 3500 also confirms that Blackburn

Thus, even if the ▮ was originally intended to be a confidential document covered by a privilege, Howard and his counsel have waived any such privilege and cannot invoke it as a shield here.

## II. The *Nixon* Standard Does Not Apply To This Trial Subpoena, And Rule 17(c)(2) Does Not Bar The Request

The remaining arguments in the Motion can be swiftly dismissed.

*First*, the Motion applies an incorrect legal standard. The requirements outlined in *United States v. Nixon*, 418 U.S. 683, 686 (1974), do not apply here because the at-issue subpoena is a trial subpoena returnable at trial. *See United States v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008); *United States v. Weigand*, 520 F. Supp. 3d 609, 613 (S.D.N.Y. 2021); *cf. United States v. Nixon*, 418 U.S. 683, 701 (1974) ("[T]he need for evidence to impeach witnesses is insufficient to require its production *in advance of* trial.") (emphasis added). Trial subpoenas like this one are routinely enforced without resort to *Nixon*'s unduly restrictive requirements for subpoenas returnable in advance of trial.

*Second*, there is simply no argument that the subpoena lacks specificity or is "unreasonable and oppressive." Fed. R. Crim. P. 17(c)(2). It contains one request for a limited, specific set of written materials that Howard has already identified and currently possesses. The subpoena at issue is nothing like the "any and all" requests in the cases cited in the Motion. *See United States v. Menendez*, 2024 WL 2801960 (S.D.N.Y. May 31, 2024); *United States v. Joseph*, 2023 WL 8006613, at *1 (S.D.N.Y. Nov. 17, 2023). Nor is it an "improper sweeping request for discovery." *United States v. Jasper*, 2003 WL 1107526, at *3 (S.D.N.Y. Mar. 13, 2003). To the contrary, it "seeks a specific type of document" and clearly passes muster under Rule 17(c)(2). *United States v. Yudong Zhu*, 2014 WL 5366107, at *6 (S.D.N.Y. Oct. 14, 2014).

\* \* \* \*

For the foregoing reasons, the Court should deny the Motion to Quash and order compliance with the Subpoena.

Page 5

Hon. Arun Subramanian
May 12, 2025

                Respectfully submitted,

                /s/ Alexandra A.E. Shapiro
                Alexandra A.E. Shapiro
                Jason A. Driscoll
                SHAPIRO ARATO BACH LLP
                1140 Avenue of the Americas, 17th Fl.
                New York, NY 10036
                (212) 257-4880
                ashapiro@shapiroarato.com
                jdriscoll@shapiroarato.com

                Marc Agnifilo
                Teny Geragos
                AGNIFILO INTRATER
                445 Park Ave., 7th Fl.
                New York, NY 10022
                646-205-4350
                marc@agilawgroup.com
                teny@agilawgroup.com

                Anna Estevao
                HARRIS TRZASKOMA LLP
                156 West 56th Street, Suite 2004
                New York, NY 10019
                212.970.6465
                aestevao@harristrz.com

                Brian Steel
                THE STEEL LAW FIRM, P.C.
                1800 Peachtree Street, Ste. 300
                Atlanta, GA 30309
                (404) 605-0023

                Xavier R. Donaldson
                136 Madison Ave, 6th Floor
                New York, New York 10016
                646-772-3334
                Xdonaldson@aol.com

                Nicole Westmoreland, Esq.
                WESTMORELAND LAW, LLC
                132 Cone Street, Suite A
                Atlanta, GA 30303
                Tel: (404) 446-2620
                nw@westmorelandlawgroup.com