

**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

May 28, 2025

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    United States v. Combs, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

Pursuant to the Court's order, Dkt. No. 342, attached please find Casandra Ventura's ("Ms. Ventura") counsel's May 19, 2025 email correspondence to the Court, and attached letter, in opposition to Defendant's May 18, 2025 application for the Court to so-order a Rule 17(c) subpoena compelling Ms. Ventura to produce documents.

Respectfully submitted,

Douglas H. Wigdor

|               |                                                                                                                                                                                                                                                                                                                                                             |
|---------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| **From:**     | Edwige Rousseau                                                                                                                                                                                                                                                                                                                                             |
| **To:**       | subramaniannysdchambers@nysd.uscourts.gov                                                                                                                                                                                                                                                                                                                   |
| **Cc:**       | Douglas Wigdor; Meredith Firetog; Katherine Vask; jdriscoll@shapiroarato.com; ashapiro@shapiroarato.com; teny@agilawgroup.com; marc@agilawgroup.com; aestevao@harristrz.com; nw@westmorelandlawgroup.com; thesteellawfirm@msn.com; xdonaldson@aol.com; Smyser, Madison (USANYS); maurene.comey@usdoj.gov; mitzi.steiner@usdoj.gov; Johnson, Emily (USANYS) 2; meredith.foster@usdoj.gov; mary.slavik@usdoj.gov |
| **Subject:**  | USA v. Combs, Case No. 24-cr-542 (AS) - Correspondence from Douglas H. Wigdor                                                                                                                                                                                                                                                                               |
| **Date:**     | Monday, May 19, 2025 9:11:58 AM                                                                                                                                                                                                                                                                                                                             |
| **Attachments:** | 5.19.25 Correspondence from Douglas H. Wigdor.pdf                                                                                                                                                                                                                                                                                                        |

Dear Judge Subramanian,

Please see the attached Correspondence from Douglas H. Wigdor in opposition to Defendant's May 18, 2025 application for the Court to so-order a Rule 17(c) subpoena compelling Ms. Ventura to produce documents.

We thank the Court for its time and attention to this matter.

Respectfully submitted,



**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

May 19, 2025

**VIA EMAIL**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    United States v. Combs, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

We write as counsel for Casandra Ventura ("Ms. Ventura") to oppose Defendant's May 18, 2025 application for the Court to so-order a subpoena compelling Ms. Ventura to produce any demand letters, correspondence, and executed agreements related to her settlement with the InterContinental Hotel ("the InterContinental"). We respectfully request that the Court deny so-ordering Defendant's subpoena because it is overbroad, unreasonable, and oppressive, and seeks privileged documents.

As a preliminary matter, Ms. Ventura testified truthfully to the questions asked of her concerning the settlement of her claims against the InterContinental. Ms. Ventura accurately testified that she did not have any pending demands against the hotel, that she expects to receive a settlement in response to a demand she previously made, and further testified regarding the amount of the settlement. Tr. 1355-1356. Defendant has not—and cannot—expound any credible basis for impeaching Ms. Ventura for her truthful testimony on this subject because she testified truthfully on all of the points put to her regarding the settlement.

Moreover, as evidenced by Defendant's counsel's questioning, Defendant has been aware of Ms. Ventura's settlement with the InterContinental prior to her testimony at trial. See Tr. 1355-1356 ("You have recently received a settlement from the Intercontinental Hotel, didn't you?"). Defendant's counsel had a meaningful opportunity—nearly two days of cross-examination—to probe Ms. Ventura further about this settlement and assess any purported credibility issues raised by the existence of the settlement. But they chose not to investigate this matter further and have waived any ability to do so now. Instead, in a transparent attempt to continue to harass Ms. Ventura, Defendant deliberately waited until she concluded her testimony to ambush her with a subpoena over the weekend with a return date of the following day. Having declined to question her on the stand, or serve subpoenas related to this issue prior to or during her testimony, Defendant



Hon. Arun Subramanian
May 19, 2025
Page 2

waived any opportunity to examine this issue further. As this court is well aware, the Crime Victims Rights Act ("CVRA") affords Ms. Ventura the right to be treated with fairness, respect, dignity, and privacy. The continued harassment of Ms. Ventura while pregnant and even after multiple days of cross examination through the use of a subpoena that will only confirm what she said on the witness stand on this subject would undermine the laudable goals of the CRVA.

Defendant's Rule 17(c) subpoena is plainly improper and unwarranted. "When counsel 'merely hopes something useful will turn up, the requirement of specificity [to enforce a subpoena] will not have been met.'" United States v. Constantine, No. 21 Cr. 530 (SHS), 2023 WL 3045408, at *2 (S.D.N.Y. Apr. 21, 2023) (quoting United States v. Leaver, 358 F. Supp. 2d 273, 276 (S.D.N.Y. 2005)). Defendant has not articulated what, if anything, he expects these communications and documents to reveal that is relevant to Ms. Ventura's credibility. She had accurately testified under oath that her demand on the InterContinental is no longer pending, that the matter settled for the amount she said, and that she has not yet received proceeds of the resolution of that settlement. It is unclear what other information Defendant hopes to learn from its contemplated subpoena and respectfully the request should be denied.

Finally, Defendant's subpoena further makes sweeping requests for "any and all correspondence" with the InterContinental in connection to Ms. Ventura's settlement. Requests for "any and all" documents or communications are clear indicia that a Rule 17 subpoena represents a fishing expedition. United States v. Mendinueta-Ibarro, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013); United States v. Shah, No. 19 Cr. 833, 2022 WL 1284550, at *2 (S.D.N.Y. Apr. 29, 2022). Moreover, any demand letters or communication between attorneys for the InterContinental and Ms. Ventura's counsel are confidential, subject to settlement communication and the attorney-client privilege and should not be produced. Additionally, because such materials may include confidential private mediation materials, the subpoena impinges upon mediation and settlement material privilege. Defendant has not articulated how these communications could fall under an exception to the mediation and settlement privilege especially given that, as stated above, Defendant has not set forth any explanation as to how such materials could be used to impeach Ms. Ventura's testimony on this subject and our representation to the court that she has testified truthfully in this regard.

We respectfully request that the Court deny Defendant's application to so-order a Rule 17 subpoena compelling Ms. Ventura to produce documents. We thank the Court for its time and attention to this matter.

Respectfully submitted,

Douglas H. Wigdor