Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

May 19, 2025

**VIA EMAIL**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

      We write to oppose Ms. Ventura's letter requesting that the Court deny Mr. Combs's application to so-order the proposed Rule 17 subpoena compelling Ms. Ventura to produce documents. The subpoena is not "unreasonable or oppressive" and seeks relevant material. The Court should so-order the subpoena.

      As the Court is aware, during the re-cross-examination of Ms. Ventura on the final day of her testimony, Ms. Ventura admitted to having sent the Intercontinental Hotel a demand and having received an offer of settlement in the amount of $10 million just a week before her testimony. Tr.1355-56. Prior to and after that defense questioning, the government elicited, perhaps misleadingly to the laypeople on the jury, that Ms. Ventura had no "pending lawsuits against anyone else relating to [her] relationship with Sean," and no "financial stake in the outcome of this trial." Tr.828; Tr.1358. Regardless of whether that highly specific testimony was true at the time of her testimony, Ms. Ventura clearly had a financial incentive to frame the facts in a certain light throughout the government's entire investigation. The requested documents would reveal the extent of that incentive and clearly provide a "credible basis for impeaching Ms. Ventura." Ltr.1.

      Mr. Combs is not merely hoping "something useful will turn up." Ltr.2. Ms. Ventura confirmed that she sent a demand to the InterContinental Hotel and ultimately executed a settlement agreement. Aside from demonstrating financial incentives, the demand and other correspondence will contain Ms. Ventura's factual assertions concerning the March 2016 events and other material. The claims, factual assertions, and other material in the demand constitute evidence that the defense may seek to use at trial. The prosecution has made the March 2016 incident at the InterContinental and the resulting video footage the centerpieces of its case—not only for the sex trafficking count alleged in Count Two but also the RICO conspiracy alleged in Count One, including the alleged bribery predicate relevant to that count (which is connected to the incident at the InterContinental hotel). The factual assertions and claims in Ms. Ventura's demand could contradict the government's view of the evidence and/or her testimony at trial.[1]

---

[1] Ms. Ventura's counsel's subjective view as to whether she "testified truthfully," Ltr.2, is completely irrelevant to Mr. Combs's subpoena application.

Hon. Arun Subramanian  
May 19, 2025  
Page 2

And the contents of an executed settlement agreement could similarly undermine her testimony.[2] Put simply, the requested materials are relevant for a host of reasons and are "material to the defense." *United States v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008).

Ms. Ventura cites no authority for the proposition that a criminal defendant can "waive any ability" to investigate facts relevant to his defense. Ltr.1. And no authority so holds. Moreover, contrary to Ms. Ventura's assertion that the requested subpoena is an attempt at sandbagging and harassment, the defense did not learn of the true extent of Ms. Ventura's financial stake in the InterContinental matter until re-cross-examination, when it was revealed that she will receive an eight-figure settlement. Indeed, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The defense has already sent the government a *Brady* demand in connection with its failure to investigate and disclose additional information concerning Ms. Ventura's demand and settlement. The government represented it has no further information to provide. Thus, the defense's subpoena request is the only means of obtaining further information concerning Ms. Ventura's troubling financial incentives and lack of disclosure vis-à-vis government.

Because the requirements outlined in *United States v. Nixon*, 418 U.S. 683 (1974), do not apply here, the subpoena requests need only satisfy Rule 17(c)'s requirement that they not be "unreasonable or oppressive." There should be no question the instant subpoena satisfies Rule 17(c). The subpoena hardly contains the type of "any and all" requests deemed unreasonable. The requests are phrased using "any and all" language but seek narrow categories of documents or specific documents that will not be voluminous. For example, request one seeks "demand letters sent to the InterContinental Hotel, its parent company, or any of its affiliates." That is a confined category. Request two seeks associated correspondence concerning such demands, including proposed settlement offers and agreements. Again, a narrow category. And request three seeks "executed settlement agreements," which is likely to be one document. Those are narrow, reasonable, unoppressive requests already organized and in Ms. Ventura's counsel's possession.

Ms. Ventura's cited cases do not counsel otherwise. *United States v. Mendinueta-Ibarro*, concerned a subpoena returnable in advance of trial, so *Nixon*'s more specific requirements applied, and the materials requested there were "statutorily protected from pre-trial disclosure." 956 F. Supp. 2d 511, 515 (S.D.N.Y. 2013). The requests in *United States v. Shah*, were far broader "any and all" requests than those articulated here, and sought materials that were "already subject to being turned over to the defense pursuant to" 18 U.S.C. § 3500 and other discovery rules, rendering the subpoena unnecessary. 2022 WL 1284550, at *2 (S.D.N.Y. Apr. 29, 2022).

---

[2] What if, for example, her settlement agreement contains a non-disparagement clause regarding the InterContinental, or another clause that could have affected the substance of her testimony in this case. What if Ms. Ventura made certain representations and warranties in the agreement that is inconsistent with her testimony? These materials are plainly relevant.

      Ms. Ventura's remaining arguments fare no better. The defense does not seek material covered by any attorney-client privilege. The documents requested are demands, correspondence, and agreements sent to/from or entered with third parties. And Ms. Ventura cites no authority for the proposition that there is a "mediation" or "settlement material privilege" that defeats a subpoena. Indeed, that is not the law, and "Rule 408 does not exclude relevant evidence in a criminal prosecution even where that evidence relates to the settlement of a civil claim." *Manko v. United States*, 87 F.3d 50, 54 (2d Cir. 1996).

                                                 Respectfully,

                                                 <u>/s/Alexandra A.E. Shapiro</u>
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
HARRIS TRZASKOMA LLP
156 West 56th Street, Suite 2004
New York, NY 10019
212.970.6465
aestevao@harristrz.com

Brian Steel
THE STEEL LAW FIRM, P.C.
1800 Peachtree Street, Ste. 300
Atlanta, GA 30309
(404) 605-0023

Xavier R. Donaldson
136 Madison Ave, 6th Floor

Hon. Arun Subramanian Page 4
May 19, 2025

        New York, New York 10016
        646-772-3334
        Xdonaldson@aol.com

        Nicole Westmoreland, Esq.
        WESTMORELAND LAW, LLC
        132 Cone Street, Suite A
        Atlanta, GA 30303
        Tel: (404) 446-2620
        nw@westmorelandlawgroup.com