UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

SEAN COMBS,
      Defendant.

Case No.: 24-cr-542 (AS)

**DEFENDANT SEAN COMBS'S ADDITIONAL REQUESTS TO CHARGE**

# **TABLE OF CONTENTS**

Introduction ....................................................................................................................... i

Defense Additional Request No. 1 – Immunized Witnesses ......................................... 1

Defense Additional Request No. 2 – Specific Investigative Techniques ...................... 2

Defense Additional Request No. 3 – Use of Evidence Obtained Pursuant To Searches And Seizures .................................................................................. 3

Defense Additional Request No. 4 – Defendant's Testimony ........................................ 4

Defense Additional Request No. 5 – Defendant's Right Not To Testify ....................... 5

Defense Additional Request No. 6 – Voluntary Intoxication .......................................... 6

Defense Additional Request No. 7 – Bulk Cash .............................................................. 7

Defense Additional Request No. 8 – Crimes Defined By Statute Only ......................... 8

Defense Additional Request No. 9 – RICO Statute of Limitations ................................. 9

## Introduction

Defendant Sean Combs, through his undersigned attorneys, respectfully submits these additional requests to charge the jury.  Mr. Combs respectfully reserves the right to supplement or amend his requests to charge in response to the government's requests and in light of the evidence as it is presented at trial, as well as any proposed charge furnished by the Court.

**Defense Additional Request No. 1**

**Immunized Witnesses[1]**

You have heard the testimony of a witness who has testified under a grant of immunity from this court. What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

---

[1] 1 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal ¶7.01.

**Defense Additional Request No. 2 (If Applicable)**

**Specific Investigative Techniques[2]**

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

---

[2] Adapted from 1 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 4.01. The defense does not believe this charge is necessary, but if the Court decides to include it, the defense requests this Sand language rather than the unbalanced instruction in the government's proposed requests to charge.

2

**Defense Additional Request No. 3**

**Use of Evidence Obtained Pursuant To Searches And Seizures[3]**

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers, and in particular, of electronic evidence obtained pursuant to court-approved search warrants. I instruct you that all of the evidence in this case, including evidence obtained pursuant to searches, was lawfully obtained. Whether you approve or disapprove of the uses of searches to obtain evidence, should not enter into your deliberations.

---

[3] The defense does not believe this charge is necessary, but if the Court decides to include it, the defense requests this modified version of the unbalanced instruction in the government's proposed requests to charge.

3

**Defense Additional Request No. 4**

**Defendant's Testimony**

[*Requested Only If the Defendant Testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness.

**Defense Additional Request No. 5**

**Defendant's Right Not To Testify**[4]

  The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he or she is innocent.

  Therefore, you must not attach any significance to the fact that a given defendant did not testify. No adverse inference against a defendant may be drawn by you because he or she did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

---

[4] 1 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 5.07.

**Defense Additional Request No. 6**

**Voluntary Intoxication**[5]

There has been evidence that the defendant may have been intoxicated at the time of the offenses with which he is charged.

Intoxication or drunkenness in itself is not a legal defense to a criminal charge. However, intoxication or drunkenness may negate the existence of the defendant's intent to commit the crime that the government must prove in order to convict.

On the evidence before you, if you find that the defendant was intoxicated, you may conclude that the defendant did not have the required intent I described earlier. On the other hand, even if you believe that the defendant was intoxicated to some degree, you still may conclude that he was capable of having the required intent. After considering all of the evidence, if you find that the government has established each of the elements beyond a reasonable doubt, then you may find the defendant guilty. On the other hand, if you find the government has failed to meet this burden beyond a reasonable doubt, you must find the defendant not guilty.

---

[5] 1 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 8.03.

## Defense Additional Request No. 7

### Bulk Cash

There has been evidence presented regarding large quantities of cash. There is nothing unlawful about possessing large amounts of cash, and it is not a crime to keep large amounts of cash.

**Defense Additional Request No. 8**

**Crimes Defined By Statute Only**

      The fact that you may think certain conduct is unethical or morally wrong is truly of no consequence in this case. Statutes enacted by Congress define our crimes, and I will talk to you about the relevant statutes here and how they break down into essential elements so that you can consider the elements that the government must prove beyond a reasonable doubt. Conduct is only a crime if it is defined as such by a statute. A feeling that something wrong has been done is insufficient to convict anyone of any charge. Not every instance of unfairness constitutes a crime. Instead, you are required to break the charges in this case down to their elements, determine if the government has or has not met its burden of proving the guilt of the defendant beyond a reasonable doubt as to each of those elements, and then, with that determination made, render a verdict.

**Defense Additional Request No. 9**

**RICO Statute of Limitations**[6]

Count One has a five-year statute of limitations. Therefore, you must determine whether the RICO conspiracy charged in Count on, and the defendant's participation in the charged conspiracy, continued beyond September 12, 2019. Even if you find that the charged enterprise existed beyond that date, you must be satisfied beyond a reasonable doubt that the defendant knowingly participated in the charged RICO conspiracy in Count One, beyond September 12, 2019. A conspiracy ends when the purposes of the conspiracy have either been accomplished or abandoned, usually evidenced by the last overt act. A coconspirator ceases to participate in a conspiracy if he or she withdraws and disassociates from it.

---

[6] "In conspiracy cases under 18 U.S.C. § 1962(d), the statute of limitations begins to run when 'the purposes of the conspiracy have either been accomplished or abandoned,' usually the last overt act." 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 52.04 (2025); *see also United States v. Salerno*, 868 F.2d 524, 534 (2d Cir. 1989); *but see United States v. Pizzonia*, 577 F.3d 455, 466 (2d Cir. 2009) (discussing standard applicable to inherently criminal enterprises).

9

| | |
|---|---|
| Dated: June 8, 2025<br>New York, New York | Respectfully submitted,<br><br>/s/ Alexandra A.E. Shapiro<br>Alexandra A.E. Shapiro<br>Jason A. Driscoll<br>SHAPIRO ARATO BACH LLP<br>1140 Avenue of the Americas, 17th Fl.<br>New York, NY 10036<br>(212) 257-4880<br>ashapiro@shapiroarato.com<br>jdriscoll@shapiroarato.com<br><br>Marc Agnifilo<br>Teny Geragos<br>AGNIFILO INTRATER<br>445 Park Ave., 7th Fl.<br>New York, NY 10022<br>646-205-4350<br>marc@agilawgroup.com<br>teny@agilawgroup.com<br><br>Anna Estevao<br>HARRIS TRZASKOMA LLP<br>156 West 56th St., Ste. 2004<br>New York, NY 10019<br>(212) 970-6465<br>aestevao@harristrz.com<br><br>Brian Steel<br>THE STEEL LAW FIRM, P.C.<br>1800 Peachtree Street, Ste. 300<br>Atlanta, GA 30309<br>(404) 605-0023<br><br>Xavier R. Donaldson<br>136 Madison Ave, 6th Floor<br>New York, New York 10016<br>646-772-3334<br>Xdonaldson@aol.com<br><br>Nicole Westmoreland, Esq.<br>WESTMORELAND LAW, LLC<br>132 Cone Street, Suite A<br>Atlanta, GA 30303<br>Tel: (404) 446-2620<br>nw@westmorelandlawgroup.com |