

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 12, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

      The Government respectfully submits this letter regarding proposed GX A-629-A, which the Government seeks to admit into evidence. After argument today, the Court reserved its ruling. By this letter, the Government responds briefly to an argument advanced by the defense that the exhibit constitutes "bad acts" evidence under Fed. R. Evid. 404(b).[1]

      GX A-692-A is an October 10, 2015 chat between the defendant and "Uncle Pauly," the defendant's former head of security, in which Uncle Pauly discusses an incident that took place between the defendant and Gina, one of the defendant's romantic partners. Uncle Pauly warns the defendant "if ANY ONE called the police the police is 100 percent going to lock you" and advises the defendant that "when u r locked up none of us is going to be able to talk to her to get u out the situation." This chat is direct evidence of the racketeering conspiracy charged in Count One. Specifically, as alleged in the Indictment, the defendant used force, threats of force, and coercion, to cause victims, including Gina (identified in the Indictment as "Victim-3"), to engage in commercial sex acts. *See* S3 Indictment at ¶ 12(a).

      Thus, the text message exchange in GX A-629-A—between members of the conspiracy, within the time period of the conspiracy, that references an act of force perpetrated by the defendant against Gina—is direct evidence of the sex trafficking predicate charged in Count One. Indeed, the Government provided notice of such acts in its Enterprise Letter dated February 1, 2025:

> The defendant assaulted . . . Victim-3 on numerous occasions, including by striking the victims, kicking the victims, dragging the victims by their hair, and throwing objects at the victims. Multiple of these assaults took place in the presence of members and associates of the Combs Enterprise, including security staff and personal assistants. Some of these staff members also assisted in covering up these assaults . . .

---

[1] The defense did not make this argument when the Government first moved to admit GX A-629-A on May 22, 2025.

(Gov't Enterprise Ltr dated Feb. 1, 2025 at ¶ 5(d)).  Importantly, the February 1, 2025 Enterprise Letter also provides notice that the Government would offer such evidence under Rule 404(b). (*See id.* at 3 ("In addition to being admissible as direct evidence, this evidence is also admissible under Federal Rule of Evidence 404(b) as proof of motive, opportunity, intent, preparation, plan, and knowledge of the defendant with respect to the Combs Enterprise, its members, and activities.").  Given that the content of GX A-692-A is squarely covered by the Enterprise Letter cited above, no additional notice was required.  *See United States v. Reid*, 20 Cr. 626 (PMH), 2024 WL 2159848, at *5 (S.D.N.Y. May 14, 2024) (noting that evidence outlined in Enterprise Letter was not 404(b) evidence); *United States v. Perez*, 23 Cr. 99 (LJL), 2025 WL 41612, at *5 (S.D.N.Y. Jan. 7, 2025) (denying as moot a request for 404(b) notice when "bad acts" were contained within Enterprise Letter).

Furthermore, for the reasons set out on the record and in the Government's May 21, 2025 letter, the chat between the defendant and Uncle Pauly in GX A-629-A is highly probative evidence of specific acts of racketeering charged in the Indictment, including sex trafficking, bribery, and obstruction.  The Government respectfully request the Court to admit GX A-629-A.[2]

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   /s
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

---

[2] As noted in the Government's May 21, 2025 letter, any suggestion that Gina must testify in order to explain the relevance of the text exchange misunderstands the purpose of the evidence.  The probative value of this evidence relates to the defendant's state of mind (*i.e.*, his understanding that his abuse of women was criminal, could result in police attention, and the implications of police attention), as well as the actions that Uncle Paulie—a member of the enterprise—would be unable to take if police were involved (*i.e.*, getting the defendant "out [of] the situation").  Gina cannot possibly testify as to the defendant's state of mind or Uncle Paulie's intended actions.  More broadly, however, the Government is entitled to prove its case in the way it sees fit.  *United States v. Lee*, 660 F. App'x. 8, 15 (2d Cir. 2016) ("No particular type of evidence is required, so long as the evidence taken together is such that a 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (quoting *United States v. Persico*, 645 F.3d 85, 105 (2d Cir. 2011)).