

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881



June 12, 2025

<u>**VIA EMAIL**</u>
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

We write on behalf of Sean Combs to respond to the government's letter concerning exhibits it seeks to offer in connection with GX 1410 and GX 1411, as well as to respond to the government's additional arguments regarding GX A-629-A.[1]

## A. Exhibits Relevant To GX 1410

The defense objects to H-105-A and H-105-B as hearsay. The government cites *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 420 (S.D.N.Y. 2011), and *United States v. Mackey*, No. 21-CR-80-NGG, 2023 WL 2457861, at *3 (E.D.N.Y. Mar. 10, 2023) (citing *Arista Records* and Federal Rule of Evidence 106), for the proposition that D-Roc's statements are admissible to contextualize the defendant's statements. While surrounding statements may be admitted to prove context, that is proper only where the contextualizing statements are "not offered in evidence to prove the truth of the matters asserted" therein. *United States v. Dupre*, 462 F.3d 131, 137 (2d Cir. 2006) (cited in *Arista Records*). Rule 106 otherwise provides that "[i]f a party introduces all or part of a statement, *an adverse party* may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time." (emphasis added). The rule does not permit the *proponent* of the statements—here the government—to offer other hearsay statements for their truth, as the government seeks to do here.

Nor are the statements admissible under the co-conspirator exception. The Second Circuit has warned against unbridled application of the coconspirator exception in RICO conspiracy cases. Thus, before admitting the statements, the Court must find, "in each instance," "the existence of a specific criminal conspiracy beyond the general existence of the [alleged enterprise]." *United States v. Gigante*, 166 F.3d 75, 82-83 (2d Cir. 1999); *see also United States*

---

[1] The government's arguments are outlined in a letter dated June 11, 2025, and two letter dated June 12, 2025. These letters were filed at 2:06 AM, 12:58 AM, and 8:01 PM, respectively, on June 12, 2025.

*v. Russo*, 302 F.3d 37, 44 (2d Cir. 2002) (the defendant must be "associated with the declarant in a conspiracy or joint venture having that criminal act as its objective," and "a general association … will not suffice.").  Here, the government argues that the evidence demonstrates a conspiracy to obstruct and tamper with Mia.  But the government's proffered foundation does not suffice. Mia testified—in purely speculative fashion over defense objection—that she perceived messages from D-Roc and Mr. Combs as threats.  But all the evidence reveals is that D-Roc reached out to Mia, and that Mr. Combs did the same, in order to gather information possibly relevant to this case.  Once Mia did not respond, it ended the matter.  That is not obstruction or tampering, and her subjective fears regarding the communications does not prove otherwise.

The Court should therefore exclude D-Roc's statements, including the following:  "I reached out.. No reply and they didn't pick up? That's definitely weird," "A lot of lies phoniness and on loyalty going on right now," and "That's god's way of getting rid of all the negative people in your life, nothing else happened," H-105-A, and "No reply bro. I would move past that.. it's weird," "Hey bro she hit me back. I'm trying to call her now," and "That's the last text I got from her and now the phone is not even ringing, but it's ringing like out the country," H-105-B.

## B.  Exhibits Relevant To GX 1411

The defense objects to multiple exhibits the government seeks to offer in connection with GX 1411.

*First*, the defense objects to certain exhibits the government seeks to offer under the agency exception to the hearsay rule (801(d)(2)(D)).[2]  The defense maintains that the government's reliance on the agency exception is overbroad and unsupported by any binding precedent that would permit the admission of these exhibits.  *See, e.g.*, Dkt.363 at 1 (outlining requirements of the rule).  Given the Court's prior rulings on similar exhibits, however, we understand the Court is likely to admit the exhibits and reiterate our objection to these particular exhibits for purposes of preservation.

The defense has particular additional objections to the following exhibits:

**GX 259-D**:  This exhibit is a screenshot from Kristina Khorram's phone.  The screenshot purports to be an email from an accounts payable specialist at Tri Star Sports & Entertainment Group asking about certain charges related to Kabrale Williams.  Although the defense stipulated that the screenshot was a true and accurate photograph contained on Ms. Khorram's phone, we did not stipulate that the email depicted in the screenshot, or the additional screenshots of travel expenses pasted into that email, were admissible.  The email and additional screenshots of travel expenses contained within that email are hearsay and hearsay within hearsay, and should be

---

[2] These exhibits include: 3G-118, 3G-127, 3G-135, 3G-136, C-257-A, C-309, C-332-E, C-332-F, C-343-B, C-356, C-357, C-365, C-366, C-506, C-507, C-622-1, C-625, C-629-2, C-629-3, C-639-1, C-641, C-642-2, C-654, C-657, and C-658.

excluded. The government could of course seek to admit the underlying travel expense records themselves, which the defense identified for the government within its discovery.

**GX C-263, 264, 265**: These are chat messages between Jane and Ms. Khorram. Jane's statements do not constitute agency statements as suggested by the government and should be excluded on that basis. Ms. Khorram's statements—largely related to scheduling matters— similarly should not be admitted under the agency exception.

**GX C-341B**: This is a chat message between Kerry Morgan and Ms. Khorram that vaguely alludes to an incident in which Ms. Ventura apparently locked herself in a wardrobe. The relevance of the exhibit is not clear, and the unfair prejudice is high given the inferences the jury could draw from the statements in the exhibit. Indeed, the jury has heard extensive evidence regarding doors in this case, locking doors, and kicking down doors. Without a witness to describe what occurred, the exhibit should be excluded under Rule 403. Ms. Morgan in fact testified and the government did not seek to elicit any evidence concerning this message— presumably because the events were either not memorable or entirely irrelevant. The government merely seeks to have the jury draw an unfairly prejudicial inference against Mr. Combs. Moreoever, neither Kerry Morgan's nor Ms. Khorram's statements qualify as agency statements under the hearsay exception. The messages do not relate to any matter within the scope of Ms. Khorram's employment, but relate only to Ms. Ventura's actions. The chat itself is therefore inadmissible hearsay.

**GX C-366**: This is a message chain between Ryan Lopez and Ms. Khorram that contains nothing more than random gossip. It is inadmissible hearsay that does not qualify under the agency exception. The government hopes to rely on the exhibit for the statements "Lol think I saw one of the cowboys today. You can spot them in a lobby like a escort. I forgot to tell you about it." Those statements in particular do not satisfy any exception to the hearsay rule and do not satisfy Rule 801(d)(2)(D)'s "scope" requirement, *see* Dkt.363 at 1, and should separately be precluded on Rule 403 grounds given their speculative nature. Moreover, those particular messages are dated December 29, 2019, and could not possibly relate to events involving either Ms. Ventura or Jane. The messages thus have no probative value and will only confuse the jury.

**GX C-367**: This is a message chain between Mr. Combs and Ms. Khorram. The defense objects to a particular statement in this exhibit as hearsay within hearsay. The statement "Paul Cowboy - wrote 'available'" on page 7 of the exhibit is hearsay within hearsay that should be excluded.

**GX C-625**: The defense has the same hearsay within hearsay objection to a statement in this message chain between Mr. Combs and Ms. Khorram. The statement "They said Guido still hasn't dropped off package to house" on page 5 of the exhibit is hearsay within hearsay that should be excluded.

**GX C-501**: This is a message chain initiated by Ms. Khorram ████████████████ ████████ The exhibit is inadmissible hearsay because no foundation has been laid to establish what the payment referenced in the message concerns. Indeed, D-Roc left his employment with

Hon. Arun Subramanian
June 12, 2025

Mr. Combs in 2017, five years prior to the message.  Absent a foundation, the statement does not satisfy the threshold requirements for admission under 801(d)(2)(D).  Absent a foundation, the exhibit is also unfairly prejudicial because the jury will be left speculating ████████████████ ████████████████████████████████████████████

     **GX C-361-B, -F, -G; GX C-362-D, -E, -F**:  These exhibits are screenshots from Ms. Khorram's phone of communications on Mr. Combs's phone.  The defense maintains that these screenshots were created at the direction of counsel for a privilege purpose, and permitting the government to admit them here would be unfair and highly prejudice the defense.  The government argues it "does not intend to use the Khorram Exhibits to prove or argue anything about why or how the communications ended up on Khorram's personal cellphone."  Ltr. at 3.  "Rather, the Government intends to rely on the substance of the underlying communications and their presence on Khorram's device to argue that the Khorram was aware of the content of the communications as of the dates she created the images of them."  *Id.*  But the defense will be powerless to place the screenshots in context in order to explain to the jury why they are on Ms. Khorram's device and for what purpose she reviewed the communications.  Nor will the defense be able to explore the extent of what Ms. Khorram reviewed.  To do so would delve into privileged matters.  Permitting the government to rely on these communications to argue Ms. Khorram's knowledge and involvement in a conspiracy, without permitting the jury to hear the proper context for the messages, would be highly unfair.  The Court should therefore exclude the messages under Rule 403.[4]

### C. GX A-629-A Is Inadmissible

     The Court's initial ruling excluding GX A-629-A was correct and the government's second bite at the apple should be rejected.  Not only has the government failed to offer any additional foundation that could cure the Rule 401, 402, and 403 problems with the exhibit, it also failed to provide adequate 404(b) notice for the additional purported purposes for which it now seeks to offer the exhibit.[5]

     The Court initially excluded the exhibit because the government failed to establish any foundation "for what occurred" leading up to the messages contained in the exhibit.  Tr.2253.  The Court noted, "unless there is some other witness or some other evidence that is going to provide context for what occurred and what these two individuals are talking about, then the defense would seem to have a viable argument that there is just a failure to establish by a preponderance of the evidence the relevance and probative nature of the discussion."  Tr. 2254.  In light of the nature of the statements in the messages—both their inflammatory nature and the

---

[3] The defense is aware from discovery of additional facts that could be relevant to this exhibit that it will be prepared to address orally tomorrow morning.

[4] Before the Court rules on the admissibility of these particular exhibits, the defense would like to be heard orally tomorrow morning.

[5] The defense further maintains its previous hearsay objections to the exhibit and incorporates its previous arguments herein.  *See* Dkt.363.

Hon. Arun Subramanian
June 12, 2025

vague references to Mr. Combs's possible actions—"given the context of the discussion and the language used, there is a serious risk of unfair prejudice." *Id.*

Nothing has changed since that ruling, and the government fails to offer any additional foundation as to "what occurred and what these two individuals are talking about." *Id.* The government's additional proffered foundation amounts to two exhibits containing travel records (GX 6B-106 and GX 3A-154). But nothing contained in those exhibits cures the 401, 402, and 403 issues with the exhibit. Those exhibits do not in any way explain what actually occurred leading up to the messages, or the events referenced in the messages. Thus,

—if he did anything at all, which no evidence to date has established. The exhibit is unfairly prejudicial and will introduce needless confusion by leaving the entire message to the jurors' imaginations.

Of course, the jury will not have any context for these statements and will assume the worst, as the government will no doubt encourage in its summation.

Moreover, the probative value of the exhibit must be determined by "comparing evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184 (1997). The government attempted to call a percipient witness that it believed witnessed the events, but that witness (George Kaplan) in fact did not witness the events.

Separately, the government's argument that it gave proper Rule 404(b) notice of the acts referenced in A-629-A fails. The notice cited by the government is wholly deficient for the same reasons outlined by the defense in our motion to preclude the government's Rule 413 and 404(b) evidence. *See* Dkt. 213 at 13-15.

That purported notice, which deploys an unspecified "laundry list" approach, is patently insufficient, because "a mere recitation of the purposes in Rule 404(b)(2) is insufficient" and

Hon. Arun Subramanian
June 12, 2025

"supplies the defendant with little notice of the non-propensity purpose for which the evidence against him is being admitted, and it says nothing of how the evidence is probative of that purpose." *United States v. Brown*, 765 F.3d 278, 294 (3d Cir. 2014); *see also United States v. Abou-Khatwa*, 40 F.4th 666, 683-84 (D.C. Cir. 2022) (criticizing the "laundry list" approach to Rule 404(b) instructions); *United States v. Hardwell*, 80 F.3d 1471, 1491 (10th Cir. 1996) (same). Rule 404(b) was amended in 2020 to impose more stringent requirements, which the government continues to ignore. *See United States v. McPartland*, 81 F.4th 101, 114 n.4 (2d Cir. 2023) (discussing the amendment). The rule requires "reasonable notice of any such evidence … so that the defendant has a fair opportunity to meet it." Fed. R. Evid. 404(b)(3)(A). As the advisory committee explained, such notice "is important so that the parties and the court have adequate opportunity to assess the evidence." *Id.*, adv. comm. notes to 2020 amendment. The amended rule further requires the government to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). As the advisory committee explained, "[t]he prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose." *Id.*, adv. comm. notes to 2020 amendment.

The government's notice satisfies none of these requirements. It did not identify the purported acts referenced in GX A-629-A, or the "reasoning" underlying its use of that evidence. Nor did the government notice that it sought to prove these purported acts using hearsay, as opposed to in court testimony. Indeed, it would be absurd to think that the Enterprise Letter put the defendant on notice that the government would seek to admit evidence about this purported October 10, 2015 episode at all in this way.

Respectfully submitted,

/s/ Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com

Hon. Arun Subramanian
June 12, 2025

teny@agilawgroup.com

Anna Estevao
HARRIS TRZASKOMA LLP
156 West 56th St., Ste. 2004
New York, NY 10019
(212) 970-6465
aestevao@harristrz.com

Brian Steel
THE STEEL LAW FIRM, P.C.
1800 Peachtree Street, Ste. 300
Atlanta, GA 30309
(404) 605-0023

Xavier R. Donaldson
136 Madison Ave, 6th Floor
New York, New York 10016
646-772-3334
Xdonaldson@aol.com

Nicole Westmoreland, Esq.
WESTMORELAND LAW, LLC
132 Cone Street, Suite A
Atlanta, GA 30303
Tel: (404) 446-2620
nw@westmorelandlawgroup.com