UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

SEAN COMBS,

           Defendant.

24-CR-542 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    Defendant Sean Combs renews his request for bail pending his sentencing. On this application, Combs doesn't contest that detention is mandatory for his crimes of conviction. He relies solely on the limited exception to mandatory detention where (1) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," 18 U.S.C. §§ 3143(a)(1), 3145(c); and there are (2) "exceptional reasons why such person's detention would not be appropriate." *Id*. § 3145(c). "'Exceptional reasons' exist . . . where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" *United States v. Colon*, 821 Fed. App'x 39, 41 (2d Cir. 2020) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). "This statutory framework creates 'a presumption in favor of detention' that places a 'plainly substantial' burden of proof on the defendant seeking release." *Lloyd v. United States*, 857 Fed. App'x 702, 703 (2d Cir. 2021) (quoting *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004)).

    As for risk of flight or danger, Combs fails to meet his burden by clear and convincing evidence for the reasons set forth on the record at the July 2, 2025, hearing. Increasing the amount of the bond or devising additional conditions doesn't change the calculus given the circumstances and heavy burden of proof that Combs bears. *See, e.g.,* Dkt. 470 at 8142–43 ("At trial, the defense conceded the defendant's violence in his personal relationships. . . . This type of violence, which happens behind closed doors . . . is impossible to police with conditions."). On this basis alone, Combs's application is denied.

    Even if the flight-or-danger requirement was satisfied, there are no "exceptional reasons" warranting a departure from what Congress has required. Combs's Mann Act arguments might have traction in a case that didn't involve evidence of violence, coercion, or subjugation in connection with the acts of prostitution at issue, but the record here contains evidence of all three. While Combs may contend at sentencing that this evidence should be discounted and that what happened was nothing more than a case of willing "swingers" utilizing the voluntary services of escorts for their mutual pleasure, the Government takes the opposite view: that Cassie Ventura and Jane were beaten, coerced, threatened, lied to, and victimized by Combs as part of their participation in these

events. That makes this case unlike any of the cases Combs points to and places it outside the narrow exception to detention that Congress otherwise deemed mandatory. To be clear, as indicated at the July 2 hearing, the Court offers no view as to how the parties' competing arguments about the evidence will cash out for purposes of sentencing, which is happening in just sixty days. At this juncture, however, the record doesn't establish the kind of "out of the ordinary" exceptional circumstances requiring immediate release.

Combs also points to squalor and danger at the Metropolitan Detention Center, conditions that he says have been aggravated by the federal government's aggressive budget cuts this year. The public outcry concerning these conditions has come from all corners. But as Combs acknowledges, MDC staff has been able to keep him safe and attend to his needs, even during an incident of threatened violence from an inmate. In *United States v. Chavez*, 710 F. Supp. 3d 227 (S.D.N.Y. 2024), the court found that the conditions at the MDC rose to the level of "exceptional reasons" warranting release where it was undisputed that the defendant posed no risk of flight or danger, and where "unique circumstances" counseled release, including the defendant's advanced "age and serious medical conditions, which require care that the MDC may not be able to provide." *Id*. at 236–38. Those facts are not presented here, and nothing in *Chavez* suggests that exceptional reasons warrant release for every person awaiting sentencing in the MDC. Rather, the MDC is a factor—admittedly a serious one—to consider, along with others, in making that determination.

For these reasons, as well as those stated on the record at the July 2 hearing, Combs fails to satisfy his burden to demonstrate an entitlement to release. The motion for bail is DENIED.

The Clerk of Court is directed to terminate Dkt. 483.

SO ORDERED.

Dated: August 4, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge