# AGNIFILO
# INTRATER

September 10, 2025

<u>VIA ECF</u>
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     **Re:**    *United States v. Combs*, **24-cr-542 (AS)**

Dear Judge Subramanian:

     We write, with the consent of the government, to request (1) a modified briefing schedule for the defense and the government's sentencing briefs; and (2) permission to file a sentencing memorandum larger than 25 pages.

     First, we request that the defense's sentencing memoranda, which is currently due September 19, be due September 22. The reason for this request is that the final Presentence Investigation Report will filed on September 18. Given the Draft's length, and the anticipated objections we will need to address, defense counsel would appreciate the weekend to incorporate those objections into the memorandum. We also consent to the government's sentencing memorandum, which is currently due September 26, being due September 29.

     Second, we request leave to file an expanded brief, larger than the Court's maximum of 25 pages, in light of the complexity of this case, the number of guidelines issues in dispute, the need to address the prior Mann Act cases disclosed in the September 1 filings, and the need to thoroughly address all of the 3553(a) factors. We note that the defense's guideline arguments and objections to Probation are already greater than 25 pages single spaced. We do not yet know how many pages we will need, but we will be as concise as possible to avoid redundancy. The government anticipates asking for an expanded brief as well, to which we consent.

     Finally, we write regarding anticipated redactions to the defense's sentencing memorandum. The defense anticipates detailing medical information that we have provided to the government and Probation in the sentencing memorandum. Consistent with practice in this District to redact personal and private medical information, we seek permission to redact Mr. Combs' medical information that has not already been disclosed in the public record.

     We also anticipate referring to 3500 material in the sentencing brief. The reason for this, is the government has taken the view that several consenting male "entertainers," who willingly consented to sexual activity with Ms. Ventura and Jane, are now victims under the meaning of the Guidelines. These individuals did not testify, and we plan to summarize these individuals' accounts to the government for the Court. This is relevant for guidelines analysis. In light of the Court's August 7 Order, we do not believe continued sealing of the 3500 material is appropriate. (ECF

445 PARK AVE, 7TH FLOOR | NEW YORK, NY 10022 | WWW.AGILAWGROUP.COM

Hon. Arun Subramanian
September 10, 2025
Page 2 of 2

492.) We have now had a public trial in this case where witnesses were questioned extensively regarding 3500 material. However, the Protective Order is still in place, and therefore, we are seeking are seeking the Court's permission to include information in the 3500 material in the sentencing submission without redactions.

        Thank you for your consideration.

                                              Respectfully submitted,

                                              _____

                                              Marc Agnifilo
                                              Teny Geragos
                                              Alexandra A.E. Shapiro
                                              Jason A. Driscoll
                                              Brian Steel
                                              Nicole Westmoreland
                                              Xavier Donaldson

cc:      All counsel (by ECF)