UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:24-cr-00542 |
| Plaintiff, | |
| v. | |
| COMBS, | |
| Defendant. | |

**DECLARATION OF DR. JOSEPH MANZARO, Do. D.**

(28 U.S.C. section 1746; submitted in United States v. COMBS, No. 1:24-cr-00542)

I, Dr. Joseph Manzaro, Do. D., declare as follows:

## I. Competency, Scope, and Purpose
I am over the age of eighteen and competent to testify. I make this declaration voluntarily, based on my personal knowledge, to correct and supplement the record in the above-captioned New York City matter.

This declaration impeaches sworn testimony given by Brendan Paul on or about June 20, 2025, and memorializes that I instructed my then-attorney, Travis Walker, to present this evidence to the proper New York court and to refer it to the Federal Bureau of Investigation (FBI). To my knowledge, those instructions were not carried out, depriving the Court and federal authorities of material, case-critical information and impeding the administration of justice.

## II. Core Event and Direct Observations (Deerfield Beach, Florida - April 3, 2015)
In the early morning hours of April 3, 2015, in Deerfield Beach, Florida, I personally observed Brendan Paul arrive under cover of darkness after an overnight ride from Ohio on a high-performance motorcycle. He described traveling at extremely high speeds (up to approximately 200 mph).

I then personally witnessed Mr. Paul receive a shipment of two kilograms of narcotics - one kilogram of cocaine and one kilogram of what was believed to be methamphetamine - from Eric Mejias, a known supplier. A price of $20,000 had been discussed in advance;

no money was exchanged at the handoff, consistent with an established delivery system rather than a casual, one-off transaction.

In my presence, Mr. Paul discussed prior and future deliveries and described specific evasion methods, including: (a) using thermal blankets to obscure heat signatures from aerial or roadside detection, (b) diverting into ravines and wooded areas using the motorcycle's off-road capabilities if spotted by Florida Highway Patrol, and (c) pre-planned routes and timing to avoid law enforcement.

Mr. Paul admitted he got the job through Christian Combs (via Instagram) and described his role as a transporter. These statements and the observed conduct are consistent with organized drug-trafficking activity, not personal-use or casual involvement.

### III. Presence Inside the 'Freak-Off' Event (Same Night)
Later that same night (April 3, 2015), after the drug drop-off, I observed Brendan Paul inside the event where I was sexually tortured. I first saw his reflection in a mirror, turned, and then saw him in person, laughing and jeering while Sean Combs and Jay-Z used a black rubber fist to violently assault me.

### IV. Identity and Florida Presence Proven by Distinctive Piercings
I confirmed Mr. Paul's identity by his distinctive 'fang' piercings under his chin, which were fresh and oozing and which he said were illegally performed by a friend at a tattoo shop.

Mr. Paul asked for a napkin to clean the wounds, and Eric Mejias provided it. This interaction occurred in Deerfield Beach, Florida on April 3, 2015, confirming Mr. Paul's physical presence in Florida that night.

### V. Statement Indicating Distribution to Minors
During these events and discussions, Mr. Paul stated in substance that he 'sells meth to the kids at school' and that 'one kilo will last him the whole year.' This statement underscores distribution-level conduct and refutes any suggestion that his handling of narcotics was limited to personal-use quantities.

### VI. Sworn Claims vs. Firsthand Facts (Impeachment Matrix)
- Claim: 'Absolutely not' a drug mule.

  Fact: I personally witnessed him receive a two-kilogram shipment after an overnight, high-speed run from Ohio.

- Claim: Only small, personal-use amounts; 'less than ten, more than five' occasions.

Fact: The two-kilogram delivery was a wholesale-scale transfer (about $20,000) with prior and future runs discussed; he also stated he sells meth to kids at school and that one kilo lasts him a year.

- Claim: Never attended or witnessed 'Freak-Off' events; only cleaned afterward.

Fact: He was present inside the April 3, 2015 event during my assault, laughing while it occurred.

- Claim: No admission of being in Florida in April 2015.

Fact: I identified him by fresh 'fang' piercings, saw him in person, and observed him obtain a napkin from Mejias - all in Florida that night.

- Claim: Involvement minor or infrequent and disconnected from any broader operation.

Fact: He self-identified as a 'transporter,' said he was recruited via Christian Combs, and discussed routes, shipments, and evasion - hallmarks of a structured trafficking enterprise.

## VII. Counsel Instructions and Non-Presentation / Non-Referral

Immediately after Mr. Paul's June 20, 2025 testimony, and on multiple occasions thereafter, I instructed my then-attorney, Travis Walker, to present the above impeachment evidence to the presiding Court in United States v. COMBS, No. 1:24-cr-00542 (S.D.N.Y.).

I also instructed Mr. Walker to report this information to the FBI given the apparent drug-trafficking and perjury implications.

To my knowledge, despite my clear instructions, these actions were not taken. As a result, the Court and law enforcement were deprived of material impeachment evidence, and the administration of justice was impeded.

## VIII. Why This Matters

The scale (two kilograms), planning (routes and evasion), recruitment channel (Christian Combs via Instagram), role description (transporter), and the admission about selling meth to kids together contradict any portrayal of casual or personal-use activity.

These facts warrant impeachment of Mr. Paul's testimony and referral for potential perjury and obstruction-related offenses, and for investigation into a coordinated trafficking enterprise.

## IX. Requested Court Actions

1) Accept this declaration for filing and supplement the record; 2) Set an evidentiary hearing focused on the credibility of Brendan Paul; 3) Issue preservation directives for

relevant communications, devices, and Instagram records involving Paul, Christian Combs, Eric Mejias, and others named herein; 4) Refer the matter, as appropriate, to federal law-enforcement and prosecutorial authorities, including the FBI and SDNY.

**Penalty-of-Perjury Verification**

I declare under penalty of perjury that the foregoing is true and correct.
**Executed on** September 10, **2025**, at Lake Clarke Shores, Florida.

**Signature:** *Dr. Joseph Manzaro, Do.D.*
**Name:** Dr. Joseph Manzaro, Do. D.
**Phone:** (561) 287-0646
**Email:** JManzEmail@gmail.com
**Mailing Address:** 7036 Pine Tree Ln. Lake Clarke Shores, FL 33406

CERTIFICATE OF SERVICE

I certify that on the date below I served a true and correct copy of the foregoing Non-Party Victim's Notice and Motion and all enclosures by the following methods:

1. U.S. Mail to: United States Attorney's Office, Criminal Division, 26 Federal Plaza, 37th Floor, New York, NY 10278; and

2. U.S. Mail to: Defense counsel of record for Defendant COMBS at the address reflected on the docket in Case No. 1:24-cr-00542 (S.D.N.Y.).

If email service addresses are available for counsel of record via PACER/ECF notices, I will also send courtesy copies by email.

Dated: September 10, 2025

*Dr. Joseph Manzaro, Do.D.*
Dr. Joseph Manzaro, Do. D.