# AGNIFILO
# INTRATER

September 26, 2025

**VIA ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    On behalf of Mr. Combs, we respectfully request that the Court issue the attached Order permitting Mr. Combs to receive non-prison clothing to wear at his upcoming sentencing. (*See* ECF 514.) The sentencing proceeding holds significant importance for Mr. Combs. He wishes to appear before the Court, address Your Honor, and allocute in the most dignified and respectful fashion possible. The requested Order will facilitate that desire, as "[c]riminal defendants, like any other party appearing in court, are entitled to enter the courtroom with their heads held high." *United States v. Sanchez-Gomez*, 859 F.3d 649, 666 (9th Cir. 2017).

    In this District and beyond, courts routinely allow defendants to appear in civilian or business attire at sentencing—even over government objection. *See, e.g.*, *United States v. Gray*, No. 21-CR-00713 (PAE) (S.D.N.Y.), Dkt.200 ("The Court GRANTS this reasonable request."); *United States v. Zhang*, No. 7:23-CR-00612 (NSR) (S.D.N.Y.), Dkt.167 ("The Court, in its discretion, GRANTS Defendant Zhang's request, over the Government's objection to permit Mr. Zhang to appear in civilian clothing."); *United States v. Eley*, No. 20-CR-78 (AT) (S.D.N.Y.), Dkt.459; *United States v. Huachillo*, No. 13-CR-995 (KPF) (S.D.N.Y.), Dkt.50. Courts granting such requests do so out to "respect" a defendant's "regard for his allocution as a serious occasion and desire to act accordingly." *United States v. Folse*, No. CR 15-2485 JB, 2019 WL 266745, at *5 (D.N.M. Jan. 18, 2019).

    Permitting Mr. Combs to wear non-prison clothing will not cause delay nor inconvenience. Indeed, the Supreme Court has held that "compelling" a defendant "to wear jail clothing furthers no essential state policy," further reasoning that the argument "[t]hat it may be more convenient for jail administrators … provides no justification for the practice." *Estelle v. Williams*, 425 U.S. 501, 505 (1976). Such a practice operates only against those who are incarcerated, which is "repugnant to the concept of equal justice." *Id.* at 505-06.

      We have corresponded with MDC Legal, who has no objection to this request and indicate this should not pose a problem. Thank you for your consideration.

                                                    Respectfully submitted,

                                                    Teny Geragos

cc:      All counsel (by ECF)