

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 1, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government respectfully submits this letter in response to the defendant's opposition to Mia's request to speak at sentencing. (Dkt. 520). The defendant's letter, which notably lacks a single legal citation, is offensive, unprofessional, and on its face nothing more than a blatant attempt to smear a victim who bravely testified about years of traumatic events she experienced at the defendant's hands. This rhetoric has no place in this Court or during these civilized proceedings. The Court should reject it entirely.

    Mia took the stand in this trial to testify for days about the defendant's treatment of her and those in his orbit. She was clear that testifying was something she did not want to do. (Tr. 3835-36). In fact, she had planned "to die with" the truth of what the defendant had done. (Tr. 3340). She got nothing out of testifying—no money, no fame. (Tr. 3835). Yet she did it anyway, because it was the right thing to do. How difficult this experience was for her was apparent based on her demeanor in the courtroom, in which she often looked down and struggled to get words out. That is not how someone lies; it is how someone speaks about "the worst thing [they've] ever had to talk about in [their] life." (Tr. 3835). To suggest otherwise is offensive. Despite days of lengthy, often bullying, cross-examination, in which defense counsel explicitly accused her of lying, Mia was crystal clear: "I have never lied in this courtroom, and I never will lie in this courtroom. Everything I've said is true." (Tr. 3679).

    Despite defense counsel's assertions, nothing in the jury's verdict expresses a view as to Mia's credibility. The jury was not asked to make any finding as to Mia's credibility regarding particular instances of the defendant's violence or abusive treatment of her or others. We cannot speculate as to why the jury acquitted on the RICO count, *United States v. Watts*, 519 U.S. 148, 155 (1997) (per curiam), but as defense counsel well knows, the jury could have believed every single thing Mia said about the defendant's violence toward her and others—some of which was corroborated by other testimony and evidence in the case—and still have acquitted for other reasons, such as a finding that the enterprise was not proven beyond a reasonable doubt. To draw "*any* factual inference" about Mia's credibility based on the jury's acquittal is not only wrong, but it is not allowed under the law. *Watts*, 519 U.S. at 155 (emphasis added); *see also United States*

*v. Martinez*, 110 F.4th 160, 173-75 (2d Cir. 2024) (holding court erred when it concluded at sentencing that jury had "necessarily rejected" victim's testimony, explaining that "a jury's acquittal on certain counts . . . cannot serve as the independent basis for any factual inferences, much less by a preponderance of the evidence, upon which a court may base its sentence").

      Mia was brave to testify at trial and is even more brave to be willing to speak the truth at sentencing after the verdict. She was by far not the only employee, friend, or person who testified as to the defendant's violence, vindictiveness, and cruelty, nor is she the only one who has sought to come forward in connection with sentencing to do the same. The defense's fear of one victim speaking for less than five minutes speaks volumes as to what it believes may be the impact of her telling the truth. Thankfully, the decision about whether a victim can speak at sentencing is not left to her abuser—whose every incentive is to silence her—but to this honorable Court. The Court is well within its right to allow Mia to speak, *see, e.g.*, *United States v. Sansone*, No. 23-6193, 2024 WL 5087518, at *1 (2d Cir. Dec. 12, 2024), and it should do so.

                                           Respectfully submitted,

                                           JAY CLAYTON
                                           United States Attorney

By:   /s                       
     Meredith Foster /
     Emily A. Johnson / Christy Slavik /
     Madison Reddick Smyser / Mitzi Steiner
     Assistant United States Attorneys
     (212) 637-2310/-2409/-1113/-2381/-2284