UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS,<br><br>Defendant,<br><br>CLAYTON HOWARD, Crime Victim (Count 3),<br><br>Movant. | Case No. 24-cr-542(AS)<br><br>[PROPOSED]<br>ORDER GRANTING MOTION<br>TO ENFORCE CRIME VICTIM RIGHTS<br>PURSUANT TO 18 U.S.C. § 3771 |

Upon consideration of Movant Clayton Howard's Motion to Enforce Crime Victim Rights pursuant to 18 U.S.C. § 3771, the Declaration of Clayton Howard in support thereof, the Memorandum of Law in support thereof, and all papers and proceedings held herein, and for good cause shown, it is hereby

ORDERED, ADJUDGED, AND DECREED as follows:

1. DECLARATION OF VICTIM STATUS

Movant Clayton Howard is hereby DECLARED to be a crime victim within the meaning of 18 U.S.C. § 3771(e)(2)(A), entitled to all rights enumerated in the Crime Victims' Rights Act, 18 U.S.C. § 3771(a), in connection with *United States v. Sean Combs, Case No. 24-cr-542(AS)*.

2. FINDING OF CVRA VIOLATIONS

The Court FINDS that the United States Attorney's Office for the Southern District of New York violated Movant's rights under the Crime Victims' Rights Act, specifically:

  a. The right to be reasonably heard at any public proceeding in the district court involving sentencing, in violation of 18 U.S.C. § 3771(a)(4);

  b. The right to confer with the attorney for the Government in the case, in violation of 18 U.S.C. § 3771(a)(5);

    c. The right to full and timely restitution as provided in law, in violation of 18 U.S.C. § 3771(a)(6);

    d. The right to proceedings free from unreasonable delay, in violation of 18 U.S.C. § 3771(a)(7); and

    e. The right to be treated with fairness and with respect for the victim's dignity and privacy, in violation of 18 U.S.C. § 3771(a)(8).

3. WRITTEN VICTIM STATUS VERIFICATION

The United States Attorney's Office for the Southern District of New York is hereby ORDERED to provide Movant Clayton Howard with written confirmation of his status as a crime victim in this case within FIVE (5) BUSINESS DAYS of the date of this Order. Said written confirmation shall include:

    a. Express acknowledgment that Movant is a victim of sex trafficking as charged in Count 3 of the Indictment;

    b. Reference to Movant's identification as a victim in the government's Sentencing Memorandum filed at Docket #516, page 41;

    c. Confirmation of Movant's eligibility for all rights under 18 U.S.C. § 3771; and

    d. Contact information for the assigned Victim-Witness Coordinator.

4. PRODUCTION OF CASE MATERIALS AND DOCUMENTATION

The United States Attorney's Office is hereby ORDERED to provide Movant with the following materials within TEN (10) BUSINESS DAYS of the date of this Order:

    a. Complete trial transcripts from *United States v. Sean Combs, Case No. 24-cr-542(AS)*, including specifically all testimony by Casandra Ventura regarding Movant's recruitment through Backpage.com;

    b. All trial exhibits and evidence that reference, relate to, or were derived from Movant's victimization, cooperation, or trafficking through Backpage.com;

    c. Copies of all victim-related materials from the case file that pertain to Movant;

    d. All documentary evidence that Movant provided to the government during the investigation, including flight boarding passes, airline ticket receipts, hotel photographs and reservations, written statements, and any other materials provided by Movant;

    e. Copies of any reports, memoranda, or communications between government personnel regarding Movant's victim status, cooperation, or participation in the case; and

    f. Any other materials reasonably necessary to support Movant's civil claims and his petition to the Backpage Remission Program.

5. RESTITUTION INFORMATION AND ASSISTANCE

The United States Attorney's Office is hereby ORDERED to provide Movant with complete information regarding restitution procedures within FIVE (5) BUSINESS DAYS of the date of this Order, including:

    a. A detailed explanation of the types of losses for which Movant may seek restitution under applicable federal law;

    b. The documentation required to support a restitution claim;

    c. All applicable deadlines for filing restitution claims;

    d. The procedures for filing and pursuing restitution in this case;

    e. Information on how to enforce any restitution order that may be entered;

    f. The current status of any restitution proceedings in this case; and

    g. The name and contact information of the government attorney responsible for handling restitution matters.

6. BACKPAGE REMISSION PROGRAM ASSISTANCE

Given the rapidly approaching deadline of February 2, 2026, for the Backpage Remission Program, the United States Attorney's Office is hereby ORDERED to provide Movant with immediate assistance in establishing his eligibility for and applying to the Backpage Remission Program, as follows:

    a. Within FIVE (5) BUSINESS DAYS of the date of this Order, the government shall provide Movant with:

        i. Written confirmation that trial testimony established Movant was recruited for trafficking through Backpage.com;

        ii. ii. Specific citations to trial transcripts where Casandra Ventura testified about using Backpage.com to locate and recruit Movant;

        iii. Copies of any trial exhibits showing the connection between Movant's trafficking and Backpage.com;

        iv. A letter or declaration suitable for submission to the Backpage Remission Program confirming Movant's victim status and the Backpage connection; and

      v.    Any other documentation within the government's possession or control that would support Movant's eligibility for the Backpage Remission Program.

b. The government shall designate a specific attorney or victim-witness coordinator to serve as a point of contact for Movant regarding the Backpage Remission Program and shall provide Movant with that person's name, direct phone number, and email address.

c. The designated government representative shall make themselves reasonably available to consult with Movant regarding his Backpage Remission Program petition and to provide any additional assistance or documentation needed before the February 2, 2026 deadline.

## 7. NOTICE OF FUTURE PROCEEDINGS

The United States Attorney's Office is hereby ORDERED to provide Movant Clayton Howard with reasonable, accurate, and timely notice of any future public court proceedings in this case in which he has a right to be present or heard under 18 U.S.C. § 3771(a)(2)-(4), including but not limited to:

a. Any post-sentencing motions or hearings;

b. Any proceedings related to restitution;

c. Any modification of sentence proceedings;

d. Any other proceedings at which crime victims have a right to be heard under the CVRA.

Said notice shall be provided to Movant at the following address and email address, as provided by Movant to the Court, and at least TEN (10) BUSINESS DAYS before any such proceeding, or as soon as practicable if the proceeding is scheduled with less notice:

24 Orchard Street  
Carteret, New Jersey 07008  
itsclaytonhoward@gmail.com

## 8. RIGHT TO CONFER WITH GOVERNMENT COUNSEL

The United States Attorney's Office is hereby ORDERED to confer with Movant Clayton Howard regarding the disposition of this case and any matters affecting his rights as a crime victim, pursuant to 18 U.S.C. § 3771(a)(5).

Within FIVE (5) BUSINESS DAYS of the date of this Order, the government shall:

a. Designate a specific Assistant United States Attorney or victim-witness coordinator as Movant's primary point of contact;

    b. Provide Movant with that person's name, direct phone number, and email address;

    c. Schedule a conference (by phone, video, or in person) with Movant to discuss his victim status, his rights under the CVRA, the status of restitution proceedings, assistance with the Backpage Remission Program, and any other matters Movant wishes to discuss regarding the case; and

    d. Respond to any future communications from Movant within a reasonable time, not to exceed TEN (10) BUSINESS DAYS unless circumstances require additional time, in which case the government shall acknowledge receipt and provide an estimated response date.

## 9. VICTIM IMPACT STATEMENT

Although the sentencing in this case has been completed, Movant Clayton Howard retains the right to submit a victim impact statement for inclusion in the record of this case.

The United States Attorney's Office is hereby ORDERED to:

    a. Accept and file with the Court any victim impact statement submitted by Movant within THIRTY (30) DAYS of the date of this Order; and

    b. Provide Movant with information on the format, length, and content requirements for victim impact statements, and with any forms or guidance documents used by the office for this purpose.

## 10. COMPLIANCE REPORTING

The United States Attorney's Office shall file with the Court, within FIFTEEN (15) BUSINESS DAYS of the date of this Order, a letter certifying compliance with each provision of this Order, including:

    a. The date on which written victim status verification was provided to Movant;

    b. The date on which case materials and documentation were provided to Movant, with a list of all materials provided;

    c. The date on which restitution information was provided to Movant;

    d. The date on which Backpage Remission Program assistance was provided to Movant, with a description of the assistance provided;

    e. The name and contact information of the government representative designated as Movant's point of contact; and

    f. Any reasons for non-compliance or partial compliance with any provision of this Order.

11. TREATMENT WITH FAIRNESS AND RESPECT

The United States Attorney's Office is hereby REMINDED of its obligations under 18 U.S.C. § 3771(a)(8) to treat crime victims with fairness and with respect for their dignity and privacy. Going forward, the government shall treat Movant Clayton Howard with the fairness and respect due to a cooperating victim who provided substantial assistance to the prosecution. This includes:

   a. Responding promptly and substantively to Movant's communications;
   b. Providing accurate information about his status and rights;
   c. Acknowledging his cooperation and contributions to the prosecution;
   d. Treating him with courtesy and professionalism in all interactions; and
   e. Making reasonable efforts to assist him in exercising his rights under the CVRA.

12. NO RETALIATION

The United States Attorney's Office is hereby ORDERED not to retaliate against Movant Clayton Howard in any way for asserting his rights under the Crime Victims' Rights Act or for filing this motion.

13. RETENTION OF JURISDICTION

This Court retains jurisdiction to enforce this Order and to address any disputes regarding compliance with the Crime Victims' Rights Act in this case. Movant may file any necessary motions to enforce this Order or to address ongoing CVRA violations.

14. COSTS AND FEES

Each party shall bear their own costs and fees related to this motion.

15. STAY OF MANDATE

This Order shall take effect immediately and shall not be stayed pending any appeal.

SO ORDERED.

Dated: _____, 2025
New York, New York

_____
Hon. Arun Subramanian
United States District Judge
Southern District of New York