# Exhibit G

Subpoena and Defense Opposition

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.

SEAN COMBS,

        Defendant.

Case No. 24-cr-542 (AS)

**SUBPOENA DUCES TECUM**

To:    Clayton Howard
        c/o Tyrone Blackburn
        T. A. BLACKBURN LAW, PLLC
        Tblackburn@tablackburnlaw.com

**YOU ARE COMMANDED** to produce:

(1)    All written materials and notes you have created concerning your memories of events relevant to the above-captioned case, including but not limited to the portions of the written journal you have been maintaining documenting that document those memories.

The documents shall be produced by email to the following address:

    Teny Geragos
    teny@agilawgroup.com

Said documents shall be produced on or before May 12, 2025.

_____
Hon. Arun Subramanian



**Shapiro Arato Bach LLP**

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

May 12, 2025

**VIA EMAIL**

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    The Court should deny Clayton Howard's motion to quash and order compliance with Mr. Combs's Rule 17 trial subpoena calling for production of what Howard called a ▓▓▓▓ of his memories about events at issue in this criminal case.

    *First*, Howard is unable to meet his burden of establishing that the responsive materials are protected by any privilege. Tyrone Blackburn, Howard's current counsel and the author of the motion's accompanying affidavit, simply lacks the knowledge necessary to make many of the claims he makes in the motion. Those claims are squarely refuted by evidence demonstrating that—whatever the origin of the materials—their contents have been shared with prosecutors and other third parties, and Mr. Howard apparently is contemplating publication of the materials. Blackburn also overlooks that Howard has said he has no plans to pursue litigation or keep the materials confidential. And Blackburn ignores that Howard ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—proffers Blackburn did not attend— and waived any privilege that may have existed at an earlier point in time. During those meetings, Howard ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ What is more, both Howard and Blackburn have ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Thus, even if the materials were once privileged, any privilege has been waived multiple times over.

    *Second*, Blackburn's alternative argument that *Nixon* bars the subpoena is frivolous. The *Nixon* requirements do not even apply to the subpoena, which calls for production on May 12, the day trial is set to commence. And the subpoena is quite specific and seeks only very limited materials and is thus in no way "unreasonable and oppressive." Fed. R. Crim. P. 17(c).

**I.    The Materials Are Not Protected By Any Privilege**

    The subpoena, which the Court so-ordered, calls for production of "written materials and notes" Clayton Howard has "created concerning [his] memories of events relevant to" this case, including "the portions of the written journal [he] has been maintaining that document those

Hon. Arun Subramanian
May 12, 2025

memories." Exhibit A. Although Howard's current attorney—Tyrone Blackburn—argues that the subpoenaed materials are protected by the attorney client and work product privileges, it is unclear whether the materials were ever privileged. But even if they were initially created "as a confidential outline" for purposes of "potential civil claims" as Blackburn asserts, Blackburn Aff. ¶2, they have long since lost any privileged status, because Howard has described the document as a ▮▮▮▮ that he ▮▮▮▮, many of which Blackburn did not even attend.

As the subpoena application explained, 3500 material ▮▮▮▮ Howard thus ▮▮▮▮ *Id.* Blackburn accuses the undersigned of "inaccurately characteriz[ing]" the document as a "journal," Mot.3, but that is how Howard ▮▮▮▮.[1]

Regarding this "journal," Howard recently represented to the government that ▮▮▮▮ *Id.* Blackburn has similarly stated ▮▮▮▮ The materials are not being kept "in anticipation of potential civil litigation," as the Motion claims. Mot.3. Nor are they being kept "to facilitate legal advice, litigation strategy, and analysis of potential claims." *Id.*

Howard's characterization of the materials should end the matter, and the Court need not credit Blackburn's conclusory assertions to the contrary. Courts in this district have been clear: when a party invokes a privilege to defeat a subpoena, it "bears the burden of establishing that privilege—a burden not discharged by mere conclusory or *ipse dixit* assertions." *United States v. Yudong Zhu*, 2014 WL 5366107, at *3 (S.D.N.Y. Oct. 14, 2014) (cleaned up); *United States v. Stein*, 488 F. Supp. 2d 350, 367-68 (S.D.N.Y. 2007). Here, counsel fails to satisfy that burden, as his description of the materials conflicts with his client's own understanding and what he has told the government. Whatever their original intended purpose, in their current form the materials at issue are neither privileged nor protected by the work product doctrine. Howard has abandoned any potential plan for litigation and has not kept the information confidential—to the contrary, he has announced ▮▮▮▮.[2]

---

[1] It is somewhat unclear whether what Blackburn describes as the "Howard Outline" is the same document Howard described to the prosecutors. If the Court denies the motion and orders compliance with the subpoena, Blackburn should be instructed to produce all responsive materials in Howard's possession, including any notes Howard has not already shared with Blackburn.

[2] To the extent the Court is considering granting the motion, it should order an affidavit from Howard himself clarifying the status of the ▮▮▮▮ and Howard's plans regarding the materials.

Even if the materials were ever privileged, Howard has waived any privilege by disclosing to the government and others the .[3] Blackburn's affidavit to the contrary is contradicted by information in the 3500 material disclosed by the government. For example, Blackburn represents that the subpoenaed materials "remained strictly confidential" and that "[a]t no point has Mr. Howard waived the attorney-client privilege or the attorney work-product protections applicable to the [materials]." Blackburn Aff. ¶¶ 4, 8.[4] But Blackburn cannot make that claim, because until recently

Contrary to Blackburn's representations concerning confidentiality, the 3500 makes clear that Howard disclosed to the government and others the background concerning



Accordingly, to the extent Howard ever had any valid privilege as to the subpoenaed materials, he "waived the privilege when he discussed these [materials] with the government," *United States v. Carollo*, 2012 WL 1195194, at *3 (S.D.N.Y. Apr. 9, 2012), because "voluntary disclosure … waives the privilege as to other parties," *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993). *See also In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987) (discussing when "[a] client may … by his actions impliedly waive the privilege or consent to disclosure."); *United States v. Ghavami*, 882 F. Supp. 2d 532, 54-43 (S.D.N.Y. 2012).

Howard has  The 3500 reveals that

---

[3] In addition to demonstrating any privilege, Howard also bears the burden of demonstrating the absence of any waiver. *In re Horowitz*, 482 F.2d 72, 82 (2d Cir. 1973).

[4] He further claims "[d]isclosure of this document would severely prejudice Mr. Howard's legal position and irreparably compromise our confidential strategic preparations." Blackburn Aff. ¶ 8. But again, Blackburn has already concluded

Hon. Arun Subramanian
May 12, 2025

It is understandable that Blackburn remains in the dark to all of this, because he simply was not present.

Blackburn has also shared the information with third parties. Indeed, in one conversation  Blackburn himself then disclosed to the government And further undermining the claims in the motion, the 3500 also confirms that Blackburn

Thus, even if the was originally intended to be a confidential document covered by a privilege, Howard and his counsel have waived any such privilege and cannot invoke it as a shield here.

## II. The *Nixon* Standard Does Not Apply To This Trial Subpoena, And Rule 17(c)(2) Does Not Bar The Request

The remaining arguments in the Motion can be swiftly dismissed.

*First*, the Motion applies an incorrect legal standard. The requirements outlined in *United States v. Nixon*, 418 U.S. 683, 686 (1974), do not apply here because the at-issue subpoena is a trial subpoena returnable at trial. *See United States v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008); *United States v. Weigand*, 520 F. Supp. 3d 609, 613 (S.D.N.Y. 2021); *cf. United States v. Nixon*, 418 U.S. 683, 701 (1974) ("[T]he need for evidence to impeach witnesses is insufficient to require its production *in advance of* trial.") (emphasis added). Trial subpoenas like this one are routinely enforced without resort to *Nixon*'s unduly restrictive requirements for subpoenas returnable in advance of trial.

*Second*, there is simply no argument that the subpoena lacks specificity or is "unreasonable and oppressive." Fed. R. Crim. P. 17(c)(2). It contains one request for a limited, specific set of written materials that Howard has already identified and currently possesses. The subpoena at issue is nothing like the "any and all" requests in the cases cited in the Motion. *See United States v. Menendez*, 2024 WL 2801960 (S.D.N.Y. May 31, 2024); *United States v. Joseph*, 2023 WL 8006613, at *1 (S.D.N.Y. Nov. 17, 2023). Nor is it an "improper sweeping request for discovery." *United States v. Jasper*, 2003 WL 1107526, at *3 (S.D.N.Y. Mar. 13, 2003). To the contrary, it "seeks a specific type of document" and clearly passes muster under Rule 17(c)(2). *United States v. Yudong Zhu*, 2014 WL 5366107, at *6 (S.D.N.Y. Oct. 14, 2014).

\* \* \* \*

For the foregoing reasons, the Court should deny the Motion to Quash and order compliance with the Subpoena.

Hon. Arun Subramanian
May 12, 2025

Respectfully submitted,

/s/ Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
HARRIS TRZASKOMA LLP
156 West 56th Street, Suite 2004
New York, NY 10019
212.970.6465
aestevao@harristrz.com

Brian Steel
THE STEEL LAW FIRM, P.C.
1800 Peachtree Street, Ste. 300
Atlanta, GA 30309
(404) 605-0023

Xavier R. Donaldson
136 Madison Ave, 6th Floor
New York, New York 10016
646-772-3334
Xdonaldson@aol.com

Nicole Westmoreland, Esq.
WESTMORELAND LAW, LLC
132 Cone Street, Suite A
Atlanta, GA 30303
Tel: (404) 446-2620
nw@westmorelandlawgroup.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>SEAN COMBS,<br><br>      Defendant. | 24-CR-542 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  The Court has reviewed the motion to quash the subpoena issued to Clayton Howard and Combs's response to the motion. Based on the Court's review of the materials in question and for the reasons set forth in the defendant's letter, the materials are not privileged and should be produced forthwith.

  Per the Court's previous order, *see* Dkt. 332, the motion to quash the subpoena and Combs's response to the motion shall be docketed by **May 19, 2025**.

  SO ORDERED.

Dated: May 16, 2025
   New York, New York

                     ARUN SUBRAMANIAN
                     United States District Judge