

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 23, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

  The Government respectfully submits this letter in response to the motion filed by Clayton Howard ("Howard") requesting relief under the Crime Victims' Rights Act, 18 U.S.C. § 3771 (the "CVRA"). (*See* Dkt. No. 552). For the reasons that follow, the Court should deny Howard's motion.

### I. Background

  The Government first met with Howard in approximately December 2023 after Howard reached out to an associate of Casandra Ventura ("Ventura") stating that he had information relating to Ventura's civil suit against the defendant, Sean Combs. Because of Howard's potential criminal exposure, Howard, with the Government's assistance, received pro bono counsel prior to the interview. During the December 2023 interview, and in subsequent meetings, Howard disclosed to the Government that he was a commercial sex worker who engaged in Freak Offs with Ventura and Combs between in or around 2010 and in or around 2017 and recalled, among other things, violence by Combs against Ventura during Freak Offs on multiple occasions. The Government continued to meet with Howard, in the presence of counsel, on approximately five additional occasions through March 2025, when Howard testified in the grand jury.

  In April 2025, Howard's counsel informed the Government that testifying in the Government's case at trial would be harmful to Howard's mental health and wellbeing. On May 1, 2025, Howard's counsel informed the Government that he would no longer be representing Howard. The Government subsequently met with Howard, represented by new counsel, on one additional occasion prior to the commencement of trial on May 12, 2025. During trial, neither the Government nor the defense called Howard as a witness.[1] On July 2, 2025, Combs was convicted of two Mann Act offenses.

---

[1] On or about June 30, 2025, Howard filed a civil complaint against Combs and Ventura, among others, alleging that he was sex trafficked by Combs and Ventura. *See Howard v. Combs, et al.*, 25 Civ. 6031 (AH-JPR) (C.D. Cal.).

On October 3, 2025, the Court imposed sentence on Combs. In calculating Combs's Guidelines range, the Court counted Howard, and certain other male escorts who Combs caused to travel interstate to participate in Freak Offs, as "victims" pursuant to U.S.S.G. § 2G1.1, which defines "victim" for purposes of the Guidelines as "a person transported . . . for the purpose of engaging in, a commercial sex act . . . whether or not the person consented to the commercial sex act." The Court did not impose restitution in its sentencing judgment.

Following Combs's sentencing, Howard sent a series of communications to the Government to request, among other things, that the Government confirm his status as a victim; provide any and all documents that supported his victim status; and assist him in applying to the Backpage Remission Program.[2] On December 5, 2025, the Government responded to Howard and provided the publicly available material that he requested; confirmed that it did not have in its possession any original documents that he had provided to the Government; and provided him with instructions for applying to the Backpage Remission Program. Additionally, at Howard's request, on or about December 8, 2025, the Government entered him into the Victim Notification System, or "VNS," which provides both victims and potential victims with information about the events pertaining to relevant criminal cases.

## II. Discussion

On or about December 8, 2025, Howard filed the instant motion. Construing Howard's *pro se* motion liberally, see *Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir. 1991), Howard appears to argue that he is entitled to relief pursuant to the CVRA, including a declaration that he is a "victim" under the CVRA because the Government counted Howard as a "victim" under U.S.S.G. § 2G1.1 for purposes of Combs's Guidelines calculation, and because he was allegedly "sexually exploited" by Ventura, who testified extensively during Combs's trial about her forced and coerced participation in Freak Offs at the behest of Combs. Howard is not a victim under the CVRA, however, and even if he were, he would not be entitled to the relief he seeks.

### A. Howard Is Not a Victim Under the CVRA

#### 1. *Legal Standard*

"[T]he very *first* determination that a court must make when asked to enforce the CVRA is whether the party seeking the Act's benefit is a 'crime victim.'" *In re Wild*, 994 F.3d 1244, 1261 (11th Cir. 2021) (emphasis in original). A crime victim is defined by the CVRA as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e)(2)(A). A victim must show direct and proximate harm, which "encompasses the traditional 'but for' and proximate cause analyses." *In re Rendon Galvis*, 564 F.3d 170, 175 (2d Cir. 2009). "The necessary inquiry is a fact-specific one." *Id.* Further, "in determining whether

---

[2] The Backpage Remission Program is a Department of Justice program that enables victims that were sex trafficked on the websites Backpage or CityXGuide to apply for compensation if they suffered a financial loss in connection with the trafficking. *See* https://www.backpageremission.com/en.

one qualifies as a victim, a sentencing court can only consider the offense or offenses for which the defendant was convicted." *United States v. Battista*, 575 F.3d 226, 231 (2d Cir. 2009) (citing *Hughey v. United States*, 495 U.S. 411, 413 (1990)). Finally, "the CVRA does not grant victims any rights against individuals who have not been convicted of a crime." *In re W.R. Huff Asset Mgmt. Co.*, 409 F.3d 555, 564 (2d Cir. 2005).

2. *Discussion*

Howard argues that because the Government counted him as a victim for the purpose of Combs's Guidelines calculation, he must be a victim under the CVRA, but this argument fails to appreciate the different definition of "victim" in the CVRA and the Guidelines. The CVRA and the Sentencing Guidelines define "victim" differently in part because they are meant to serve different purposes. Indeed, "[w]hile the CVRA is intended to protect the rights of crime victims . . . the Guidelines are meant to assess the culpability of the defendant." *United States v. Binkholder*, 832 F.3d 923, 929 (8th Cir. 2016); *see also United States v. Blake*, 81 F.3d 498, 506 n.5 (4th Cir. 1996) (noting that the definition of "victim" in the [Victim Witness Protection Act of 1982] is narrower than the definition of "victim" in the Guidelines, "and it is § 3663—not the guidelines—that governs the authority of a sentencing court to require restitution"). "Thus, the determination of who is a victim under the CVRA is not necessarily dispositive of who is a victim under the Sentencing Guidelines." *Binkholder*, 832 F.3d at 929. Here, unlike the CVRA definition, the Guidelines defines a "victim" under U.S.S.G. § 2G1.1 as "a person transported . . . for the purpose of engaging in, a commercial sex act" to approximate the scale of the defendant's criminal conduct—in other words, a measure of a defendant's culpability. Absent from the 2G1.1 definition of "victim" is the concept of "direct and proximate harm," which is encompassed in the CVRA definition. Under these differing definitions, Howard is a victim under U.S.S.G. 2G1.1, but not necessarily under the CVRA.

Additionally, looking closely at the facts alleged by Howard, which is required when a movant seeks relief under the CVRA, *see In re Rendon Galvis*, 564 F.3d at 175, Howard has not shown that he is a "victim" under the CVRA. Specifically, Howard claims that he is "a victim of sex trafficking crimes" and that he was "trafficked interstate . . . by defendants Sean Combs and Casandra Ventura between approximately 2012 and 2019." (Dkt. No. 552-1 ¶¶ 2, 3). However, Combs was acquitted of sex trafficking Ventura and Jane (Combs was never charged with sex trafficking Howard) and was convicted of the Mann Act offenses. Thus, to qualify as a CVRA "victim," Howard must show "direct and proximate harm" as a result of Combs's commission of interstate transportation for the purpose of prostitution. *See Battista*, 575 F.3d at 231. Howard has not done so. The trial record demonstrated—and Howard does not dispute—that Howard advertised commercial sex services, and that he willingly participated in Freak Offs involving Combs and Ventura in exchange for money, occasionally traveling interstate to participate in Freak Offs.[3] Howard therefore has not shown that the harms he claims to have suffered were a direct and proximate result of the offense of conviction.

---

[3] Nor can Howard credibly dispute that he engaged in Freak Offs with Combs and Ventura in exchange for payment, given that he has self-published a book on the topic, has filed a lawsuit against Combs and Ventura, and has made multiple media appearances discussing his participation in Freak Offs.

Additionally, to the extent Howard describes harm suffered, *first*, those claims are unsubstantiated, and *second*, any harm allegedly suffered by Howard appears to be primarily perpetrated by Ventura, at least in Howard's view. (*E.g.*, Dkt. No. 552-1 ¶¶ 41, 42 ("I have been sexually violated by Ms. Ventura," "Ms. Ventura . . . used promises of money and gifts to compel my compliance"). Ventura was not convicted of a crime—to the contrary, she was clearly established as a victim at trial. Thus, Howard has no rights as a purported victim in this criminal case against Combs. *In re W.R. Huff Asset Mgmt. Co.*, 409 F.3d at 564.

### B. Howard is not Entitled to the Relief He Seeks

As discussed above, Howard is not a victim under the CVRA. But even if he could be considered a CVRA victim, his rights have been respected. "The scope of the CVRA . . . is not limitless." *Jordan v. Dep't of Justice*, 173 F. Supp. 3d 44, 57 (S.D.N.Y. 2016). Indeed, "the statute is clear that the right may not 'impair the [Government's] prosecutorial discretion.'" *Id.* at 51 (quoting 18 U.S.C. § 3771(d)(6)). As detailed above, the Government assisted in securing legal representation for Howard and conferred extensively with Howard and/or his attorneys throughout the pendency of the criminal proceeding, including by discussing Howard's concerns and apprising Howard of the status of the charged criminal case. Moreover, the court proceedings in the case were highly publicized and thus Howard could easily have learned the date of any court proceeding and availed himself of rights he believed he had under the CVRA. Given this—and considering the nature of the Government's obligations under the CVRA—it is unclear how Howard's rights under the CVRA were violated.

With respect to any possible rights to restitution, even if Howard could establish his victim status, he has not demonstrated that he is entitled to restitution. The CVRA only provides victims with the right of full and timely restitution "*as provided in law*." *United States v. Rubin*, 558 F. Supp. 2d 411, 425 (E.D.N.Y. 2008) (emphasis in original); *see also In re W.R. Huff Asset Mgmt. Co., LLC*, 409 F.3d at 563. Here, the damages that Howard alleges that he suffered do not appear supported by law because he has not shown that the alleged harm was "a proximate result of the [offense]." 18 U.S.C. § 2259(c)(2); *see United States v. Aumais*, 656 F.3d 147, 153 (2d Cir. 2011) ("[U]nder § 2259, a victim's losses must be proximately caused by the defendant's offense."). Regardless, even if Howard were able to substantiate the basis for a restitution claim, he is not without recourse, nor must he wait for the Government to seek restitution on his behalf. Assuming he is a CVRA victim, Howard may petition the Court directly for an amendment to the Court's restitution order. *See Fed. Ins. Co. v. United States*, 882 F.3d 348, 359 (2d Cir. 2018) ("[T]he CVRA confers standing on victims to seek restitution on their own behalf, rather than relegating them to bystander status while the government decides, for its own reasons and pursuant to its own strategy, whether, for whom, and in what amount to seek restitution.").

Additionally, even if he were a CVRA victim, Howard is similarly not entitled to the other relief he seeks. For example, Howard requests "all case materials" "relating to his victimization." (Dkt. No. 552 ¶ 3). But "[t]he CVRA . . . does not authorize an unbridled gallop to any and all information in the government's files." *Rubin*, 558 F. Supp. 2d at 425; *see also United States v. Hunter*, 07 Cr. 307 (DAK), 2008 WL 110488, at *1 (D. Utah Jan. 8, 2008) ("If Congress had wanted to afford members of the public the right to prosecution files to determine their victim

status, it should have clearly identified that right in the CVRA."). Neither does the CVRA compel the Government to disclose non-public documents to crime victims in civil litigation in a different jurisdiction. *See United States v. Moussaoui*, 483 F.3d 220, 234-35 (4th Cir. 2007). Howard also asks for written confirmation by the Government of his supposed victim status and with assistance with the Backpage Remission Program, but the CVRA does not provide any such right.[4]

As to Howard's request for prospective relief—*i.e.*, notification of future proceedings—that request is moot given that Howard has been entered in the VNS system.

\* \* \*

For the reasons stated above, the Court should deny Howard's motion in its entirety.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   /s  
Meredith Foster / Emily A. Johnson / Christy Slavik
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2310/-2409/-1113/-2381/-2284

---

[4] The Department of Justice does not provide the sort of assistance Howard requests with the Backpage Remission Program to *any* potential victim. *See* https://www.backpageremission.com/en/Home/FAQ#faq50.