P56ACom1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

        v.                        24 Cr. 542 (AS)

SEAN COMBS,
   a/k/a "Puff Daddy,"
   a/k/a "P. Diddy,"
   a/k/a "Diddy,"
   a/k/a "PD,"
   a/k/a "Love,"

             Defendant.        Trial
------------------------------x
                            New York, N.Y.
                            May 6, 2025
                            9:31 a.m.
Before:

             HON. ARUN SUBRAMANIAN,

                            District Judge
                            -and a Jury-

                   APPEARANCES

JAY CLAYTON
   United States Attorney for the
   Southern District of New York
BY:  MADISON R. SMYSER
     EMILY A. JOHNSON
     MAURENE R. COMEY
     MEREDITH FOSTER
     MITZI STEINER
     MARY C. SLAVIK
     Assistant United States Attorneys

P56ACom1

APPEARANCES
(Continued)


AGNIFILO INTRATER LLP
        Attorneys for Defendant
BY:  MARC A. AGNIFILO
        TENY R. GERAGOS
        -and-
SHER TREMONTE
BY:  ANNA M. ESTEVAO
        -and-
SHAPIRO ARATO BACH LLP
BY:  ALEXANDRA A.E. SHAPIRO
        JASON A. DRISCOLL
        -and-
XAVIER R. DONALDSON
BRIAN STEEL


ALSO PRESENT:
PAULETTE TAYLOR, USAO Jury Consultant
LINDA MORENO, Defense Jury Consultant

P56ACom1

(In the robing room)

THE COURT:  So we have an application from the government requesting that the Court remind Mr. Geragos and the defense team of their obligations pursuant to Local Rule 23.1.

So, Mr. Geragos, you understand that you are subject to Local Rule 23.1, yes?

MR. GERAGOS:  I understand, arguably, that I am, yes. I have a -- I don't want to be difficult.  I have real problems with the application of 23.1 and I don't want to waste your time because you're picking a jury.

THE COURT:  Right.

MR. GERAGOS:  But I don't believe 23.1 as applied -- I believe it's being misapplied.

THE COURT:  Well, are you advising the defendant in this case in any way, shape, or form?

MR. GERAGOS:  I have known Mr. Combs and represent currently his mother in a matter, and I do talk with him with great -- with great frequency.

THE COURT:  All right.  Does it pose an issue for you to comply with Rule 23.1.  You've read the rule.

MR. GERAGOS:  I have read the rule.

THE COURT:  It's stated in broad terms.  The ultimate focus of the Local Rule is to prevent any conduct that would interfere with a fair trial.  And you're not trying to interfere with a fair trial.

P56Acom1

MR. GERAGOS:  I'm not.  In fact, that's my point.  I think *Sheppard v. Maxwell* has been perverted.  I think that *Gentile* applies here.  And I think my client, as this Court has indicated -- and I call him my client because I've represented him and he hasn't terminated me.  But the rule was designed, meaning the whole idea of *Gentile* is to respond to pretrial publicity.  It's the defendant's right to a fair trial.  It's been perverted over the years.  I have fought this issue in many courts across the country and many times being in Mr. Agnifilo's spot.  I believe now that what has happened is that the government has perverted --

THE COURT:  Hold on.  Hold on.

MR. GERAGOS:  Okay.

THE COURT:  Let's just have some real talk.

MR. GERAGOS:  Okay.

THE COURT:  As they say.

MR. GERAGOS:  Yes, I would like to.

THE COURT:  Look, you understand that we're in the process of picking a jury.

MR. GERAGOS:  I do.

THE COURT:  Close to trial.  And, you know, when you say things on a podcast like six women, all white, my understanding is you've got a six-pack of white women.  Like that's not -- that's something that you shouldn't -- that no one should be saying as an officer of the Court and a member of

P56AComl

the bar.  Right?

MR. GERAGOS:  I think when you've got a black man who's being prosecuted and the client feels like he's being targeted, it's a -- it's an observation.  I've also said things -- said other things that I suppose could be brought up. But I will tell you that I haven't -- I haven't attacked Mr. Wigdor or Lisa Bloom or any of the other people who are tangentially related and sitting in the government's route.

THE COURT:  I think this is ridiculous.  I think referring to the prosecution in this case as a six-pack of white women is outrageous.  All right.  And I understand what you're saying about the cases and everything else, but I think this is outrageous and this would not be tolerated in any court from any lawyer anywhere across the nation.  And I'm going to be watching and I'm going to be listening.  All right?  You have one more listener for your podcast.

MR. GERAGOS:  As long as you subscribe, I'm all for it.

THE COURT:  I'm going to be listening, but I will hear the government.

MR. GERAGOS:  Sure.

THE COURT:  In response to what Mr. Geragos says.

MS. SLAVIK:  I think your Honor got it exactly right. The rule is framed very broadly, and the rule is designed to prevent interference with a fair trial.

P56AСom1

At this point, we're picking a jury.  As your Honor noted from the for-cause questions as well as the peremptory questions yesterday, potential jurors get their news from a variety of sources, including podcasts.

This TMZ podcast that Mr. Geragos is a part of has several million subscribers.  The danger of Mr. Geragos's statements infecting the jury pool, I think is very serious with the statements such as your Honor pointed out.  So I think this application is very clear despite Mr. Geragos's protestations to the contrary.  And I think, I think the admonishment here is warranted.

THE COURT:  All right.  Well, the admonishment has been given.

MR. GERAGOS:  Thank you.  Could I --

THE COURT:  I don't think there's any further relief that's being requested at this time.  I think the government made a reasonable request to simply remind the defense team of their obligations pursuant to Local Rule 23.1.  And a reminder is what I'm giving.

MR. GERAGOS:  I understand.

THE COURT:  You have heard me and you've heard what I've said.

MR. GERAGOS:  I have.

THE COURT:  And you know I'll be watching.  And then you know if you say things along these lines, that the

P56ACom1

government is going to make a further application.  In response to that, you can say anything that you'd like and I'll hear you out.  But you know there's going to be an application coming and that application, I imagine, the second one, is going to come with a different request for relief that I will consider.

MR. GERAGOS:  Okay.  Can I also, on the record, state a couple of things?  I mean, we've got Mr. Wigdor out there who represents victim number one, saying things like it's ridiculous, it's BS that the Cassie tape is being challenged.  Even though the government subsequently has withdrawn the tape that was referred to.  We have Ms. Bloom talking about other witnesses, what we --

THE COURT:  And I believe, and you remember, that last week on the record I addressed those issues.

MR. GERAGOS:  And I think what I just need to make the record of, *Sheppard v. Maxwell*, *Gentile*, all of the cases that interpret them are the defendant's right to a fair trial, not the government.  And you have seen better than anybody as I've watched, the amount of prejudgment rate of guilt.  This is on a level that I have only seen with infamous murders in terms of cases I've been connected with.  So the idea that somehow anything I might say is going to hurt the government on this kind of a prejudgment rate, I think is what has perverted *Maxwell* and *Gentile*.

THE COURT:  Well, I've pointed to one particular set

P56ACom1

of comments that I thought was --

MR. GERAGOS:  Okay.

THE COURT:  -- outrageous and across the line.  If there's a further application for relief, you'll have a chance to respond to it, and you can make the arguments that you're making, but I will ask you as an officer of the court and a member of this bar to exhibit some caution in the things that you say.  And I think I'm not hearing that that's going to be a problem for you.

MR. GERAGOS:  That isn't a problem.

THE COURT:  Then I think we're all on the same page.

MR. GERAGOS:  I got it.

THE COURT:  We'll proceed on those grounds.  I will read all the cases and hear all the arguments if there's a further application for relief.

MR. GERAGOS:  I appreciate that.

THE COURT:  All right.

MR. GERAGOS:  I don't want to waste your time with it.

THE COURT:  I think we're done.

MR. GERAGOS:  It's a challenge that needs to be done.

THE COURT:  Ms. Slavik, anything else?

MS. SLAVIK:  Nothing for the government.

THE COURT:  Mr. Agnifilo?

MR. AGNIFILO:  Nothing, Judge.

THE COURT:  All right.  Thank you.